HAAS TOBACCO COMPANY, Respondent, *v.* AMERICAN FIDELITY COMPANY, Appellant.

Fourth Department, May 9, 1917.

**Insurance — indemnity against liability for injuries caused by automobile — policy construed — requirement that assured notify insurer of accident — delay in giving notice.**

Where a policy indemnifying the owner of an automobile against liability for accidents requires the assured to give immediate written notice to the insurer upon the occurrence of an accident with the fullest information obtainable and further requires him to give like evidence with full particulars if a claim is made on account of such accident, it is necessary for the assured to give notice in each case of accident in order to preserve the benefit of the policy, although, the accident being slight, he had no immediate reason to suppose that a claim would be made against him by the person injured.

Thus, there can be no recovery on such policy where no notice of an accident was given to the insurer until ten days had elapsed and when an action was brought against the assured.

APPEAL by the defendant, American Fidelity Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 22d day of June, 1916, upon the verdict of a jury.

*Charles Newton,* for the appellant.

*A. F. Chapin,* for the respondent.

LAMBERT, J.:

This action is upon an insurance policy by which the defendant agreed to indemnify the plaintiff against liability for accident.

Judgment has heretofore been recovered against plaintiff by the person injured. That judgment has been affirmed in the Appellate Division and paid by the plaintiff. And this action seeks reimbursement for such payment.

The scope and application of the insurance policy and the facts involved are not questioned except in a single particular. By the policy it is provided: " Condition 3. Upon the occurrence of an accident the insured shall give immediate written notice thereof, with the fullest information obtainable, to the agent by whom this policy has been countersigned or to the company's home office. If a claim is made on account of such accident the insured shall give like notice thereof with full particulars."

On January 20, 1913, while such policy was in force, the automobile specially covered therein, while driven by an employee of the plaintiff, came into collision with a pedestrian. The driver made no report to the plaintiff but the next morning one Samuel Brown, the person actively in charge and manager of plaintiff's business, read in the morning paper that plaintiff's automobile had struck a boy. That same morning he interviewed the driver of the car and the driver told him that, while he was driving around the corner and into the garage, a boy ran out from the curb and struck the machine and was knocked down; that the boy was only slightly hurt, for he

brushed off his clothes and went away. The driver also volunteered that he did not think it amounted to much.

No notice under the provision in the policy above quoted was given the defendant until after the commencement of suit about ten days later.

The defendant resists the action upon the ground that such provision is a condition precedent by the terms of the policy, and that failure to observe it voids the policy.

The trial court submitted to the jury, under the objection of the defendant, the question of reasonable promptness in giving the notice. Upon such submission the jury found for the plaintiff. The court also charged the jury that if according to the information plaintiff received the accident was not one which would lead a reasonably prudent and intelligent man to think it would result in a claim against the plaintiff, then that plaintiff was not bound to report it to the defendant and could recover.

These instructions were error. The precise question seems to have been passed upon by the Appellate Division in the First Department in the case of *Melcher* v. *Ocean Accident & Guarantee Corporation, Ltd.* (175 App. Div. 77). There the court held that these provisions in accident policies did not relate merely to those claims out of which the assured might believe a claim likely to be made, but that in each case of accident it was essential that the notice be given in order to preserve benefit from the policy.

In view of that decision we do not see how we can do otherwise than reverse and dismiss the complaint.

All concurred.

Judgment reversed and judgment directed in favor of the defendant dismissing the complaint, with costs.