· JOSEPH GREENTANER et al., Respondents, v. THE CON-
NECTICUT FIRE INSURANCE COMPANY OF HARTFORD,
CONNECTICUT, Appellant.

Appeal — insurance (fire) — findings reversed by Appellate
Division, and new findings made, must be set forth in order or
pointed out therein — requirements of standard fire insurance
policy upon change of interest in property insured — assign-
ment of policy upon transfer of property — invalidity of parol
agreement by agents to furnish consent to assignment of policy
— waiver — when defenses not waived by insurer in action upon
policy claimed to have been assigned.

1. Where it appears from the prevailing opinion of the Appellate
Division, affirming a judgment entered upon a decision after trial
without a jury, that certain findings, made by the trial court, were
reversed and new findings made by the Appellate Division, but the
order of affirmance does not show that any findings of the trial court
were reversed or that new findings were made by the Appellate Division,
this court must, upon an appeal from the judgment of the Appellate
Division, accept the findings as made by the trial court. When the
Appellate Division reverses a finding of the trial court, or makes a
new finding, the finding reversed and the new finding made must be
set forth in its order or indicated therein in such a way that it can be
ascertained just what finding was reversed and what new finding
made. A statement in the opinion is of no effect. (*Bonnette* v.
*Molloy*, 209 N. Y. 167, 172, followed.)

2. Under a provision of the standard fire insurance policy of this
state, the policy, unless otherwise provided by agreement indorsed
thereon or added thereto, is void if any change, other than by the death
of the insured, takes place in the interest, title or possession of the
subject of insurance whether by legal process or judgment, or by
voluntary act of the insured or otherwise, or if the policy be assigned
before a loss, without the consent of the insurer. *Held*, that a pur-
chaser or mortgagee cannot recover in an action upon the policy where
the evidence shows that neither the defendant nor any authorized
agent thereof consented to the transfer.

3. It appears that about the time of the transfer of the real estate
and the assignment of the policy to the purchaser, he had an inter-
view with one of a firm of insurance agents who had issued the policy
but who were not then the agents of defendant, and in such interview

the agent told him that, in case of a sale, he would have slips prepared, consenting to the transfer, which would be delivered to the purchaser, but no slips were ever made or any indorsement made upon the policy as was required by its terms. *Held,* that the person claiming to be the agent of the company had no right to waive any condition or requirement of the policy; that under the provisions of the policy, even an authorized agent could not waive any condition or requirement thereof, except in writing, and that the defendant was not estopped from denying its liability by reason of its silence as to the termination of the agency. (*Northam* v. *Dutchess County Mutual Insurance Co.,* 166 N. Y. 319, followed.)

4. The fact that the policy was produced by plaintiffs and put in evidence at the trial does not justify the inference that it was assigned or transferred, where it does not appear that the purchaser ever saw or knew of the existence of the policy until the trial and there is no dispute but what the mortgagee had, prior to the trial, the possession of the policy; hence, its production at the trial is no evidence whatever that the vendor's interest had been assigned to the purchaser.

*Greentaner* v. *Conn. Fire Ins. Co.,* 184 App. Div. 293, reversed.

(Argued March 16, 1920; decided April 13, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 9, 1918, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Vernon Cole* for appellant.    There is no finding of fact that there was an oral consent to the transfer, but, even so, such oral consent was ineffectual.    (*Northam* v. *D. C. Mutual Ins. Co.,* 166 N. Y. 319; *Baumgartel* v. *Ins. Co.,* 136 N. Y. 547; *Armstrong* v. *Ins. Co.,* 130 N. Y. 560; *Messelback* v. *Norman,* 122 N. Y. 578; *Gray* v. *Germania Fire Ins. Co.,* 155 N. Y. 180; *Moore* v. *Ins. Co.,* 141 N. Y. 219; *Whited* v. *Germania Fire Ins. Co.,* 76 N. Y. 415; *O'Brien* v. *Prescott Ins. Co.,* 134 N. Y. 28; *Manchester* v. *Guardian Assur. Co.,* 151 N. Y. 88.)

*Russell L. Kinsey* for respondents.   The plaintiffs had a right to rely on the acts and representations of Sherwin as the agent of the defendant and his oral consent and statements were binding on the defendant.   (*Manchester v. Guardian Assurance Co.*, 151 N. Y. 88, 92; *Squier v. Hanover Fire Ins. Co.*, 162 N. Y. 552.)   The silence of the defendant and of Sherwin estops the defendant from disaffirming Sherwin's agreement of transfer of policy.   (16 Cyc. Pl. & Pr. 681, 759.)   The burden of proof was upon the defendant to show that both Lyman and Greentaner had notice of the termination of the Sherwin agency.   (*Barkley v. Rennselaer Ry. Co.*, 71 N. Y. 205; *Claflin v. Lenheim*, 66 N. Y. 301; *McNeilly v. Continental Ins. Co.*, 66 N. Y. 23; *Walrath v. Hanover Ins. Co.*, 139 App. Div. 407; *Cosmopolitan Range Co. v. Midland R. Co.*, 44 App. Div. 467; *Gragg v. Home Ins. Co.*, 139 Ky. 472; 2 Joyce on Insurance [2d ed.], § 721.)   The production of the policy by plaintiff and its introduction in evidence is sufficient.   Written assignment of the policy was not necessary.   (*Western Assur. Co. v. McCarthy*, 18 Ind. App. 449; *Cannon v. Farmers Mut. Fire Assn.*, 58 N. J. Eq. 102.)

McLAUGHLIN, J.   Action to recover upon a standard policy of fire insurance.   The complaint alleges that Solomon S. Lyman owned real estate at Batavia, N. Y., and that the policy in question covered certain buildings thereon; that he conveyed the real estate and assigned the policy to Joseph Greentaner, one of the plaintiffs, upon notice to and consent by the defendant; that George Pearson, the other plaintiff, held a mortgage upon the real estate to secure a loan made by him to Lyman and his interest in the policy was covered by the usual standard mortgagee's clause.   Then follow allegations as to the fire, the loss, and defendant's refusal to pay.   The answer admits the issuing of the policy, denies the company consented to the transfer and assignment from Lyman to

Greentaner, and sets up as a separate defense the provisions of the policy making it void in the event of a transfer without the company's consent. It also tenders to Pearson, the mortgagee, the full amount claimed to be due under the policy and upon making such payment asks that it be subrogated to his interest. The action was tried by the court without a jury and it found in favor of the plaintiff. Judgment upon the decision was entered against the defendant and it appealed therefrom to the Appellate Division, which affirmed the same, one of the justices dissenting, and defendant appeals to this court.

Before considering the merits of the appeal it may be well to call attention to the irregular practice adopted by the Appellate Division with reference to certain findings. It appears from the prevailing opinion that findings of fact Nos. 7 and 9, made by the trial court, were reversed and new findings made by the Appellate Division in place thereof. The order of affirmance, however, does not show that any findings of the trial court were reversed or that new findings were made by the Appellate Division. We must, therefore, accept the findings as made by the trial court, though the findings attempted to be made by the Appellate Division do not materially differ from them. When the Appellate Division reverses a finding of the trial court, or makes a new finding, the finding reversed and the new finding made must be set forth in its order or indicated therein in such a way that it can be ascertained just what finding was reversed and what new finding made. A statement in the opinion is of no effect. (*Bonnette* v. *Molloy,* 209 N. Y. 167, 172.)

Upon the merits there is little contest between the parties over the facts. On July 1, 1915, Sherwin & Sherwin were insurance agents in the city of Batavia, N. Y., and authorized to represent the defendant. On the day named, Lyman applied to them for certain fire insurance upon his buildings. Three policies were issued, one by the defendant for $1,000, for the term of one year.

Attached to the policy was a mortgage clause making the loss, if any, payable to Pearson as his interest might appear. One of the provisions of the policy provided: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance * * * whether by legal proces or judgment, or by voluntary act of the insured, or otherwise; or if this policy be assigned before a loss."

On or about November 1, 1915, the agent of Joseph Greentaner, one of the plaintiffs, had a conversation with a member of the firm of Sherwin & Sherwin and the latter stated to him the amount of insurance the agency had on Lyman's property and gave, according to the testimony of such agent, him a list of the policies which included the one involved in this action, and told him there would be no objection to a transfer of the property and an assignment of the policies in case of a sale. On November 1, 1915, Lyman did sell the property to Greentaner, whose agent notified Sherwin & Sherwin of that fact and requested consents of the insurance companies to the transfer of the property and assignment of the policies. The policies, at the time, were in the possession of Pearson, several miles away, but a member of the firm of Sherwin & Sherwin told such agent it was not necessary to have the policies present; that he would have slips prepared, consenting to the transfer and assignment, and they could thereafter be delivered to him. The agent, however, never called for the slips and no slips, in fact, were ever made, nor was the policy produced or an indorsement of any kind made upon it.

On the 20th of November, 1915, a fire occurred which partially destroyed the buildings covered by the policies. Proofs of loss were filed with the defendant, but it refused to pay the policy issued by it on the ground that at the time of the transfer by Lyman to Greentaner, Sherwin &

Sherwin were not its agent, and it had not consented to the change. The fact was not disputed that on August 6, 1915, the agency of Sherwin & Sherwin was terminated and they had no authority thereafter to represent the defendant. The member of the firm of Sherwin & Sherwin testified, and his testimony was not contradicted, that when he had the conversation with Greentaner's representative about consenting to the transfer, he did not know that the defendant had issued a policy upon the buildings in question. The trial court, however, held that the defendant was estopped from denying its liability by reason of its silence as to the termination of the Sherwin & Sherwin agency, and that the oral agreement made with one of the firm to the effect that slips would be furnished consenting to the transfer and assignment, constituted a waiver.

I am of the opinion that no obligation rested upon defendant to notify Greentaner of the termination of the Sherwin & Sherwin agency. He had never done any business with the agency and so far as appears never knew, until after the fire, of its existence. The policies were issued to Lyman. Greentaner was, therefore, a stranger to the insurance company and it does not appear that his agent, prior to the time in question, had done any business with Sherwin & Sherwin, or knew or had any reason to believe that they represented the defendant.

It may be — a question which we do not now decide — that as to Lyman and Pearson the company was obligated to give notice of the termination of the agency, but there is nothing in the record to indicate such notice was not given or that such persons did not know the agency had been terminated. If, however, it be assumed there was some obligation resting upon the defendant to give notice to Greentaner, I do not think he is entitled to recover. The most that can be claimed is that one of the firm of Sherwin & Sherwin orally consented to the transfer and assignment and a recovery cannot be predicated thereon.

A provision of the policy provides: " No officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto."

To hold otherwise would destroy this provision of the policy and this was, in effect, so decided by this court in *Northam* v. *Dutchess County Mutual Insurance Co.* (166 N. Y. 319). There, the insured made a general assignment. The assignee advised the local agent of that fact and asked that the insurance be transferred, which the agent said he would do, the policy not being produced because it was locked up in a safe which the assignee could not open. The policy never was produced and no written indorsement was ever made thereon. A fire occurred and a recovery was had on the theory that the insurance company was estopped from claiming that the oral consent was not sufficient. The judgment was affirmed by the Appellate Division, but reversed by this court, it holding that the act of the agent did not constitute a waiver of the conditions of the policy nor authorize the application of the doctrine of estoppel.

In *Baumgartel* v. *Providence-W. Ins. Co.* (136 N. Y. 547) a question quite similar in principle to the one here under consideration was presented and the court held a recovery could not be had, saying: " The agent could not give such consent, so as to bind the company, except in writing, indorsed upon the policy, or attached thereto, and unless this permission is so written or attached, the contract provides that the plaintiff would not claim any right or immunity on account of it. * * * The language of the agent amounted to nothing more than his personal promise to do something in the future and neither he nor

the company could be held to be in default, with respect to such promise, until the plaintiff had presented the policy to him and requested him to make the indorsement."

The authority principally relied upon by the respondent (*Manchester* v. *Guardian Assurance Co.*, 151 N. Y. 88) is clearly distinguishable. In that case the agent agreed to make the necessary indorsements and failed to do so, although the policy was within his reach for the purpose. The promise, under the circumstances, was held to be either the equivalent of an oral contract for further insurance or an estoppel precluding the defendant from asserting its own breach of performance.

I am also of the opinion that the judgment must be reversed for another reason. The judgment not having been unanimously affirmed by the Appellate Division, this court can look into the evidence for the purpose of ascertaining whether there is any evidence to sustain the findings. The trial court found that Lyman transferred and assigned the policy in question to Greentaner. There is absolutely no proof showing such assignment or transfer. A majority of the justices of the Appellate Division were of the opinion that this fact might be inferred because the policy was produced by the plaintiffs and put in evidence upon the trial. No such inference can be indulged in so far as Greentaner is concerned. It does not appear that he ever saw or knew of the existence of the policy until the trial took place, and there is no dispute but what Pearson, the mortgagee, had, prior to that time, the possession of the policy, and the production of it at the trial is no evidence whatever that Lyman's interest had been assigned to Greentaner.

Upon both grounds, therefore, I think the judgment should be reversed and a new trial granted, with costs to appellant to abide event.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND and ANDREWS, JJ., concur; ELKUS, J., concurs in result.

Judgment reversed, etc.