WILLIAM MILLARD, Respondent, *v.* ÆTNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONN., Appellant.

Third Department, March 5, 1924.

Insurance — automobile collision insurance — notice of accident not given as required by policy — judgment in favor of plaintiff reversed and complaint dismissed.

The judgment in an action by the owner of an automobile against an insurance company to recover the amount of a judgment recovered against him and counsel fees for defending the action arising out of a collision between plaintiff's automobile and another automobile must be reversed and the complaint dismissed, where it appears that the provision in the policy of insurance against collision, which policy was issued by the defendant, requiring the plaintiff to notify the defendant forthwith in writing in case of any loss or damage to

property insured by the policy, was not complied with either orally or in writing.

The finding by the trial court that notice of the accident was given to the defendant is disapproved.

APPEAL by the defendant, Ætna Casualty and Surety Company of Hartford, Conn., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 5th day of May, 1923, upon the decision of the court rendered after a trial before the court without a jury.

*Andrew J. Nellis* [*Merwyn H. Nellis* of counsel], for the appellant.

*John P. Taylor*, for the respondent.

VAN KIRK, J.:

The complaint alleges that defendant on the 7th day of September, 1922, issued to plaintiff its policy of insurance covering damage by reason of injury caused to the property of another by the plaintiff's automobile; that on September seventh plaintiff's automobile collided with the automobile of another, doing the latter damage; an action was brought against this plaintiff to recover for such damage; the plaintiff immediately notified this defendant, but defendant refused to defend, disclaiming any liability under its policy; in that action judgment was rendered against this plaintiff for the sum of $265.09 and he expended $100 for counsel fees. This action is brought to recover under the policy the amount of such judgment and counsel fee.

By its terms this policy covered the period from noon of September 7, 1922, until noon September 7, 1923. The accident referred to occurred between one-thirty and two-thirty o'clock on September 7, 1922. The plaintiff wrote a letter to Van Derzee, an insurance agent, as follows: " Will you please send me insurance policy on my machine, accidental? " This letter was dated September 7, 1922, and the envelope in which it was mailed is post-stamped at eleven P. M. on that day. It was not received by the agent until the following day. When this fact appeared, plaintiff claimed that, on September fifth, he had written a letter to Van Derzee, asking that he send to plaintiff " a liability and accident policy." Van Derzee testified that he never received such letter and such letter is not produced. The policy was not delivered to plaintiff until October 10, 1922. The premium was not paid until about three weeks after the policy was delivered. This premium not being sent to the company, it served notice of cancellation of the policy. On January 1, 1923, Van Derzee by mail sent the notice of cancellation to the plaintiff and inclosed a check for the amount of unused premium; he retained the part of the premium which paid for the insurance from

September 7, 1922, to December 27, 1922.   The facts create suspicion of collusion between the plaintiff and the agent, but nevertheless an insurance policy, on its face regularly issued and executed, was issued as of noon September 7, 1922, to this plaintiff.

It is not necessary to determine whether this policy was a valid obligation of this defendant at the time of the accident because the judgment must be reversed for failure to give the required notice of the accident.   Among the special provisions of the policy is the following:   " G. In the event of loss or damage to property insured hereunder, the Assured shall forthwith give notice thereof in writing to the Company."   And again, " J. This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein and endorsed hereon, and upon acceptance of this policy the Assured agrees that its terms embody all agreements then existing between himself and the Company or any of its agents relating to the insurance described herein, and no officer, agent or other representative of this Company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the Assured unless so written or attached."   It is provided further that the insurance company insures the assured subject to the special provisions set forth in the policy.   It is not claimed that at any time the plaintiff has given written notice to the defendant of the accident.   When the policies were delivered by mail on October 10, 1922, a letter was inclosed which said: " I herewith enclose policies which were mislaid at my office or you would have received them before this.   Yours Truly, S. H. Van Derzee.   P. S.— If you should have had any accident since the date of accident policy, kindly report same at once.   S. H. V."   Plaintiff did not reply to this letter, but he testifies that he gave oral notice of the accident to Mr. Van Derzee on the 15th day of September, 1922. He related the conversation he had with Mr. Van Derzee on that day.   He a number of times thereafter testified that he had no other conversation with Van Derzee than he had related.   But the conversation, as he related it, makes no mention of the accident. He was asked:   " Q. Now when did you tell Mr. Van Derzee that you had had such an accident, that you had collided with an automobile owned by Casper L. Hewlett?   A. September 15th.   Q. Did you not a little while ago give to me the entire conversation which you said took place between you and Mr. Van Derzee on September 15th?   A. Yes, sir.   *   *   *   Q. Did you ever, at any other time, make any statement to Mr. Van Derzee to the effect that you had an accident on September 7th other than that which you claim

you made on the 15th of September? A. I did not. Q. * * * Now, was there ever any other individual whom you suspected even had any connection whatever with the defendant, and by defendant I mean the Ætna Casualty and Surety Company of Hartford, Conn., to whom you said one word about having an accident before the 10th day of October? A. Not that I can remember. * * * Q. And you claim that that conversation informed him that you had collided with Casper L. Hewlett's automobile on September 7, 1922; yes or no? A. Yes. Q. * * * Now that is the only way in which you informed him of it at all, is that right? A. Yes, sir. Q. And you claim that in spite of that information he subsequently delivered this policy to you? A. Yes, sir." If it be said that the assured ought not to be required to have complied with the terms of the policy until it was received by him, the fact remains that at no time after he received the policy did he notify the company of this accident and never at any time did he give them written notice of the accident. There is no waiver of any provision of the policy written upon or attached thereto. In order to receive benefit from the policy it was necessary that the required notice be given. (*Haas Tobacco Co.* v. *American Fidelity Co.*, 178 App. Div. 267; affd., 226 N. Y. 343.)

The court found: " That thereafter [September 7, 1922] and before suit, this plaintiff duly notified said defendant of said accident and circumstances attending same, and in all respects complied with the terms and conditions of said policy." This finding is made without any evidence to support it. At the request of the defendant the court found: " The plaintiff gave no notice whatever of the loss or damage or accident by collision described in the complaint until after the 10th day of October, 1922."

The judgment should be reversed and the complaint dismissed, with costs in all courts.

We disapprove of finding 5 and find that at no time after the accident did the plaintiff give to the defendant written notice of the accident set forth in the complaint.

All concur.

Judgment reversed on the law and complaint dismissed, with costs. The court disapproves of finding of fact numbered 5 and finds that at no time after the accident did the plaintiff give defendant written notice of the accident as set forth in the complaint.