269 CANAL STREET CORPORATION, Appellant, *v.* ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, OF ZURICH, SWITZERLAND, Respondent.

First Department, May 24, 1929.

*George W. Smyth* of counsel [*Samuel L. Sargent* with him on the brief; *Smyth, Sargent & Osbourne,* attorneys], for the appellant.

*Fred H. Rees* of counsel [*Evans, Hunt & Rees,* attorneys], for the respondent.

PROSKAUER, J.   The defendant issued to the plaintiff a liability insurance policy covering in the sum of $25,000 against liability arising out of personal injuries sustained by persons not employed by the assured while within or upon certain premises.   On July 27, 1927, one Lesner, not employed by the plaintiff, was injured upon the premises.   He brought an action against the plaintiff in the Supreme Court of Westchester county on September 2, 1927.   Plaintiff's president at once telephoned to his agent and the same day forwarded to him the summons and complaint, stating: " This is the first official notice that came to my observation."   Thereafter, on September 21, 1927, the defendant caused an attorney to appear in that action for the plaintiff herein and secured an extension of time to answer until October second.   The next day, September twenty-second, the defendant definitely ascertained that the secretary and certain employees of the plaintiff corporation had knowledge of the accident on the day it happened and that no notice of the accident was given to the defendant until after the summons and complaint had been served in the Westchester county action.   The failure to give prompt written notice was concededly a breach of condition of the policy which entitled this defendant to disclaim liability under the policy. Until it received this information it may be conceded that it was misled into undertaking the defense by the letter of the president of the plaintiff corporation, which inclosed the summons and

complaint and which stated: " This is the first official notice that came to my observation; " but on September 22, 1927, it received full information and was fully apprised that the plaintiff corporation had breached the condition of the policy requiring it to give immediate notice of the occurrence of any accident. Up to this time the defendant had done nothing on behalf of the plaintiff other than to secure an extension of time to answer. Thereafter, on October first, eleventh and twenty-first, the defendant's attorney secured further extensions of time in which to answer. On October twenty-second the insurance company caused to be served a notice demanding a change of venue from Westchester to New York county and a demand for a bill of particulars, and on October twenty-fifth it prepared and procured the verification of an answer which it caused to be served on that day. Its first protest to the plaintiff as to the claimed breach of condition was made toward the end of December, when the defendant submitted to plaintiff for execution a so-called non-waiver agreement, which was thereafter and on January twenty-ninth executed by the parties. Meanwhile plaintiff in the Westchester county action served on December twentieth a notice of trial and a notice of motion for a preference, and on December twenty-second the casualty company through its attorney caused to be served a cross notice of trial on behalf of the plaintiff in the present action and opposed the motion for a preference; and on the 16th of January, 1928, made a motion for a bill of particulars. Thereafter, and on January twenty-ninth, the so-called non-waiver agreement was executed between the parties. It recited that the insurance company " by undertaking the investigation and defense * * * does not waive any provision or condition of the policy * * * and in the event of any claim or suit under said policy for indemnity or for any other purpose, it shall not be claimed or asserted that the said insurance company has by any act or conduct waived any provision or condition of its policy or that it is estopped from setting up any defense or defenses which it may have." The ensuing trial of the negligence action resulted in a large verdict against this plaintiff, which sues to recover the amount paid in settlement of the judgment against it and its expenses.

If this non-waiver agreement was supported by consideration flowing from the defendant, it is a defense to this action. The crucial question on this appeal is whether there is consideration to support the contract. The trial justice ruled that there was and dismissed the complaint at the close of the plaintiff's case. The defendant continued to act for the plaintiff in the conduct of the defense in the negligence case, without question or protest,

for almost three months after it admittedly had full knowledge of the claimed breach of condition. At the time of the execution of the so-called non-waiver agreement it was, therefore, absolutely bound to defend the negligence action. On September twenty-second, when it received notice of the breach of condition, it was competent for the company " to stand upon its rights, and disclaim liability, leaving [this plaintiff] to defend the action." (*Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118.) It chose not to follow this course, but with full knowledge to interfere with the defense of the negligence case in such vital respects as the drafting and service of the answer, the demand for a bill of particulars, the attempt to change the venue, and the opposition to a motion for preference. Thus, prior to and on the day upon which the non-waiver agreement was signed, the defendant had as a matter of law waived the condition of the policy requiring prompt notice of an accident and become irrevocably bound to proceed with the defense and to pay any judgment recovered. (*Rosenwasser* v. *Globe Indemnity Co.*, 224 N. Y. 561; *Utterback-Gleason Co.* v. *Standard Accident Ins. Co.*, 193 App. Div. 646, 653; affd., 233 N. Y. 549; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; *Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 id. 118.)

The only consideration moving from the defendant in the non-waiver agreement was its implied undertaking to continue the defense of the action. This it was already bound to do; and it is fundamental " that ' neither the promise to do a thing, nor the actual doing of it, will be a good consideration if it is a thing which the party is bound to do by the general law, or by a subsisting contract with the other party.' " (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392.)

Mutual promises are generally sufficient consideration one for the other, but a promise " made to induce a party to do that which he is already bound by contract to perform is without consideration." (*Schwartzreich* v. *Bauman-Basch, Inc.*, 231 N. Y. 196, 202; *McGovern* v. *City of New York*, 234 id. 377, 387; *O'Meara Co.* v. *National Park Bank*, 239 id. 386, 399; 1 Williston on Contracts, §§ 130, 132.)

Undoubtedly the defendant was entitled to a sufficient time after it was advised of the breach of condition to perfect its arrangements with the plaintiff to withdraw from the defense of the action. But here it made no such effort for over two months and during that period performed definite and significant affirmative acts in the conduct of the litigation.

So, too, if the situation in January had been equivocal, so that

there was an honest dispute between the parties based upon a real doubt as to their rights, it was competent for them to compose their differences by a contract based on mutual promises. But that situation did not here exist because there was no legal basis whatever for the defendant's insistence upon the execution of the non-waiver agreement, when as a matter of law it was absolutely bound to continue the defense without such agreement.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN and O'MALLEY, JJ., concur; FINCH and MERRELL, JJ., dissent.

MERRELL, J. (dissenting). The action is brought to recover upon a policy of liability insurance issued to plaintiff by the defendant. On July 27, 1927, while said policy was in full force, one Lesner, an employee of another corporation who was engaged in making repairs in the plaintiff's building covered by the policy, received serious personal injuries. Under the terms of the policy, condition E, it was provided: " E. The Assured upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the United States Head Office of the Company or to its duly authorized agent. The assured shall give like notice with full particulars of any claim made on account of such accident. If any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the United States Head Office of the Company every summons or other process that may be served upon the Assured." The evidence shows that the son of the president of the plaintiff, who was himself an officer and director of the corporation, and also plaintiff's superintendent of buildings, and the operator of the elevator in connection with which elevator Lesner received his injuries, all knew of the accident to Lesner on the day it occurred, but no notice whatever of such accident was given to defendant until thirty-seven days after its occurrence, when, on September 2, 1927, the president of plaintiff forwarded to the broker who negotiated the policy in suit a summons and complaint in an action brought by Lesner against the plaintiff to recover for the injuries which he had sustained. There can be no question that under the terms of the policy and condition " E," above quoted, the plaintiff violated such condition of the policy and absolved the defendant from liability thereunder.

Frederick J. Kloes, the president of plaintiff, was served with the summons in the action brought by Lesner on September 2,

1927. He at once conferred with his son and learned that the latter knew of the occurrence of the accident when it occurred thirty-seven days before. The accident then being within the knowledge of the son, a director of the corporation, constituted knowledge on the part of the corporation itself of the occurrence of the accident. Plaintiff's president, nevertheless, addressed a letter on September 2, 1927, to his brokers who had negotiated the policy transmitting the summons and complaint to the brokers and stating: " This is the first official notice that came to my observation." The letter itself was signed by the plaintiff corporation, and beneath appears the name, " F. J. Kloes, Pres.-Treas." To say the least, this letter was misleading. It was the evident purpose of Kloes to persuade the insurance brokers and the insurance company that the service of the summons and complaint was the first knowledge received by the assured of the occurrence of the accident. At that time the president and treasurer of the plaintiff corporation knew that the corporation itself had knowledge through the knowledge of its secretary and general manager of the occurrence of the accident, thirty-seven days before, and at the time of its occurrence. Under the terms of the letter the defendant insurance company had a right to assume that the service of the summons and complaint constituted the first notice which the assured received of the occurrence of the accident. Acting upon such assumption the defendant insurance company undertook the investigation and defense of the action. It was not until September 22, 1927, that the insurance company learned of the knowledge of the corporation of the occurrence of the accident at the time it happened. Prior to that time the defendant insurance company had been active in investigating and preparing for the defense of the action. The action was not tried until the last day of February and first days of March, 1928. Soon after learning of the fact that the assured corporation had known of the accident thirty-seven days prior to notifying the insurance company, the insurance company entered into negotiations with the assured in relation to a continuance by the insurance company of the investigation and defense of the action and prepared an instrument to the effect that if the insurance company should continue in the defense of the action it should not thereby be deemed to have waived any objection to its liability under the terms of the policy. The evidence does not clearly show just when this paper was prepared by the defendant insurance company, but admittedly it was delivered to the president of the plaintiff with a request that it be executed, in December, 1927, and the president first declined to sign without the advice of his attorney,

and the matter was finally submitted to the attorney. The instrument was finally executed under date of January 29, 1928, although it was transmitted to the plaintiff's insurance broker for delivery to the defendant by letter from the attorney for the plaintiff on January 27, 1928, said letter containing a request to the insurance company that it sign and return a duplicate to the attorney. The instrument is as follows:

" NON-WAIVER AGREEMENT

" James J. Lesner vs. 269 Canal Street Corporation

# 871–3028

" IT IS HEREBY AGREED between 269 CANAL STREET CORPORATION and the ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY LIMITED that the said INSURANCE COMPANY by undertaking the investigation and defense of the claim of JAMES J. LESNER, which arises out of an accident alleged to have occurred on or about July 27th, 1927, does not waive any provision or condition of the policy issued by it to the said 269 CANAL STREET CORPORATION, and in the event of any claim or suit under said policy for indemnity or for any other purpose, it shall not be claimed or asserted that the said INSURANCE COMPANY has by any act or conduct waived any provision or condition of its policy or that it is estopped from setting up any defense or defenses which it may have.

" IT IS FURTHER AGREED that 269 CANAL STREET CORPORATION by signing this agreement does not waive any right or rights which it may have under the terms of said policy.

" 269 CANAL ST. CORP.

" By F. J. KLOES, <em>Pres-Treas.</em>

" ZURICH GENERAL ACCIDENT AND LIABILITY<br>INSURANCE CO., LTD.

" By L. E. TALBERT,

" <em>Counsel.</em>"

" Executed this 29th day of January, 1928.

In this instrument the plaintiff agreed with the defendant company that by undertaking the investigation and defense of the Lesner claim the insurance company " does not waive any provision or condition of the policy issued by it, * * * and in the event of any claim or suit under said policy for indemnity or for any other purpose, it shall not be claimed or asserted that the said Insurance Company has by any act or conduct waived any provision or condition of its policy or that it is estopped from setting up any defense or defenses which it may have." It is the contention of the plaintiff that prior to the execution of this

paper and after knowledge of the violation of condition " E " by the assured in failing to give immediate written notice of the occurrence of the accident, the insurance company, nevertheless, continued actively to investigate and prepare for the defense of the action, and that by so doing the insurance company waived condition " E " of the policy with reference to notice. In view of the peculiar wording of the non-waiver agreement above quoted I do not think the position of the appellant is sound. I think this non-waiver agreement was upon sufficient consideration. The trial of the action had not occurred. Only preliminary steps had been taken in the investigation of the facts and in the preparation for the trial. The assured desired the insurance company to continue in the defense of the action. The insurance company had a right to insist as a condition of such continuance that the assured should not thereafter claim, by participating in such investigation and defense, that the insurance company had waived such condition of the policy. As stated by the learned trial court in granting the motion of defendant for a nonsuit, these two corporations were acting at arm's length. Without any knowledge on the part of the insurance company of any violation of the terms of the policy by the assured, it had undertaken the investigation and defense of the action. It was misled by the letter written by plaintiff's president wherein he equivocally stated that the service of the summons and complaint was the first notice which the corporation had received of the occurrence of the accident. At the time of writing this letter the president knew that the contrary was the fact and that officers of the corporation knew of the occurrence of the accident, although he personally disclaimed any such knowledge on his part. It may be said in passing that it is strange that the president of the assured, who by his testimony was present in plaintiff's plant at the time when the accident to Lesner occurred and during the weeks following the accident, should have received no information of the accident when apparently everyone else, including the elevator operator, the business manager of the establishment and the president's own son, who was secretary and assistant treasurer and a director of the corporation, knew of this serious accident which resulted in a verdict in favor of the injured man for $50,000, on the very day of its occurrence. However that may be, the letter written by the president of the assured was such as to have justified the defendant insurance company in entering upon the defense of the action and in accepting liability under the policy. I do not think it is of materiality that the defendant continued its efforts of investigation and preparation already begun after it learned of the falsity of the information conveyed to it by plaintiff's president.

That it did so with the reservation that by such action it should not waive its rights is clearly demonstrated by the continued efforts to obtain and the final successful procurement of the waiver agreement. There is no question that unless waived the defendant had a right to rely upon condition " E " of the policy. In *Haas Tobacco. Co.* v. *American Fidelity Co.* (226 N. Y. 343) the delay in serving notice was but ten days, and the Court of Appeals held such delay sufficient to warrant the company in disclaiming liability. The complaint was dismissed. In *Woolverton* v. *F. & C. Co.* (190 N. Y. 41) the Court of Appeals held that the delay of twenty-eight days was enough to render the policy unenforcible.

I think the waiver agreement in question constituted an express consent on the part of the plaintiff that the insurance company should continue in the defense of the litigation without there later being made a claim that it had waived any of its rights growing out of the failure of the assured to give immediate notice of the accident. (*Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118; *Keet-Rountree Dry Goods Co.* v. *Insurance Co.*, 100 Mo. App. 504, 513; *Alsens A. P. C. Works* v. *Degnon Contracting Co.*, 222 N. Y. 34.) In the latter case the Court of Appeals (at p. 37) said: " A waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act. of the party and does not require or depend upon a new contract, new consideration or an estoppel. It cannot be recalled or expunged. (*Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279; *Clark* v. *West*, 193 N. Y. 349; *Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12; *Zwietusch* v. *Luehring*, 156 Wis. 96.) It is essentially a matter of intention. * * * Occasionally it is proved by the express declaration of the party, or by his undisputed acts or language so inconsistent with his purpose to stand upon his rights as to leave no opportunity for a reasonable inference to the contrary. Then the waiver is established as a matter of law." (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281.)

Even though a consideration were required, I think sufficient consideration appears in this case for the execution of the waiver agreement. At the time of the execution of this agreement the whole matter was under discussion between the assured and the insurer as to whether or not the insurer should be held liable in case of an adverse result in the action. The parties were dealing at arm's length, the defendant claiming that it was relieved from liability by the failure of the plaintiff to give notice, and the plaintiff insisting that the notice was sufficient. Such dispute constituted sufficient consideration for the execution of the waiver

agreement. The agreement itself merely permitted the continuance by the insurance company of the defense of the case, and the insurance company agreed to continue upon consideration that no claim should be made that it had in any manner waived any defense that it had under the policy by reason of its activities in conducting the defense. There is no ambiguity whatever in the terms of the document. It was the clear intention, I think, of the parties, as stated in the document itself, that " in the event of any claim or suit under said policy for indemnity or for any other purpose, it shall not be claimed or asserted that the said insurance company *has* by any act or conduct waived any provision or condition of its policy or that it is estopped from setting up any defense or defenses which it may have." How there can be any ambiguity in such language is beyond me. At the time when this paper was executed the defendant had undertaken the investigation of the Lesner claim. The defense of the action was not completed. The action had not been tried, but the claim had already arisen. The appellant relies upon the peculiar wording of the agreement and refers to the expression " does not waive " in the instrument, but the instrument further expressly provides that " *in the event of any claim or suit under said policy for indemnity or for any other purpose, it shall not be claimed or asserted that the said insurance company has by any act or conduct waived any provision or condition of its policy* or that it is estopped from setting up any defense or defenses which it may have." By the instrument the parties clearly intended to cover, not only any future acts of the insurance company, but also anything which it had done prior to the execution of the paper in defending the action.

The judgment appealed from should be affirmed, with costs.

FINCH, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.