## ASSOCIATED INDEMNITY CORPORATION v. GARROW CO., Inc., et al.

District Court, S. D. New York.
June 3, 1941.

Joseph M. Leahey, of New York City, for plaintiff.

Harry L. Fein, of New York City, for defendant Garrow Company, Inc.

Alphonse J. D'Auria, of New York City, for defendant 100 Bennett Avenue Corp.

Louis Solomon, of New York City (Isidor Enselman, of New York City, of counsel), for defendant Esposito.

CLARK, Circuit Judge (sitting as District Judge pursuant to statutory designation).

Plaintiff, insurer on a public liability policy to defendant Garrow Company, Inc., seeks a declaration that, by reason of the failure of the insured to give the "immediate written" notice required by the policy, it has no liability to protect or indemnify the latter against a claim of defendant Esposito in the Supreme Court of the State of New York for damages for personal injury by reason of excavation or construction work by the insured as contractor upon the premises of defendant 100 Bennett Avenue Corp. Esposito's action is for $50,000 damages against both the Garrow and the Bennett Avenue companies, and the latter, in turn, is cross-claiming against the insured in the state suit for any amounts for which it may be held liable to Esposito.

The policy in question covers the insured's liability for claims on the said

construction work up to $10,000 and expenses of defense to any one person injured; but it requires the insured to give "immediate written notice" of any accident covered by the policy, with full particulars, and provides that "failure to comply in any of the foregoing respects shall render this Policy null and void." Another condition states that no provision of the policy shall be waived or altered except by endorsement attached to the policy signed by the president and the secretary and countersigned by a duly authorized representative, that knowledge by any representative shall not be a waiver, and that by accepting the policy the insured agrees that its terms embody all agreements between the parties. The accident to Esposito occurred on March 5, 1940, within the policy period, and the insured's president knew of it about fifteen minutes after it occurred. No written notice was given plaintiff until April 4, 1940, when insured informed plaintiff of a notice of lien, claimed by the State Insurance Fund, for an accident to one Benny Esposito on the day in question. Esposito's suit was instituted by service of summons on April 8, 1940, which defendant Garrow delivered to plaintiff on April 9. Plaintiff therefore asks for a declaration that the policy is null and void so far as the Esposito claim is concerned. Defendants contend that the remedy of a declaratory judgment is not available under the circumstances, that there was adequate notice of the accident, particularly in view of a claimed oral notification four or five days after the accident, and that plaintiff has waived the condition by assuming the defense of the state suit.

There has been some confusion in various circuit courts of appeals as to whether the remedy of the declaratory judgment is merely discretionary under circumstances such as are here disclosed, and whether the discretion should be exercised where a state suit involving the subject matter is pending, even though the insurer is not a direct party thereto. But this question would seem to be put at rest by the recent decision of the Supreme Court in a case taken by it to resolve the question at issue among the circuits, Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 511, 85 L.Ed. ——, where it was held that the remedy was available as a matter of law and not judicial discretion under circumstances closely analogous to those at bar. There an action was pending in an Ohio state court against the insured to re-cover damages resulting from injuries sustained, and the petitioner's defense to the insurance was that the truck involved was not one "hired by the insured," and hence that it was not liable to defend the state action or to indemnify the insured. The court, citing the various cases below, held that an "actual controversy" was pending as against both the insured and the state court plaintiff, who, under the Ohio statute, might eventually proceed against the petitioner by supplemental process if a judgment against the insured remained unsatisfied. See Federal Declaratory Judgments Act, 28 U.S.C.A. § 400; Federal Rules Civil Procedure, rule 57, 28 U.S.C.A. following section 723c.

Under New York law a similar recovery over against the insurer is allowed, N. Y. Insurance Law, §§ 143, 167; cf. American Lumbermens Mut. Cas. Co. v. Timms & Howard, 2 Cir., 108 F.2d 497, 502; and the situation here seems in all material respects so identical with that before the Supreme Court as to demonstrate that the action is properly maintainable against all three defendants. Since plaintiff is a California corporation and defendants are New York citizens, and since the state suit is for $50,000 damages, and the amount involved under the policy is $10,000, diversity of citizenship jurisdiction appears clear. Compare Magruder, J., in Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443, 446, cited in Maryland Casualty Co. v. Pacific Coal & Oil Co., supra.

However harsh may be the rule, the New York cases seem quite settled that written notice as long delayed as was the case here is too late and the policy is avoided. This is clearly stated by Cardozo, C. J., in Rushing v. Commercial Casualty Ins. Co., 251 N.Y. 302, 167 N.E. 450, 451, where a notice of an accident withheld for 22 days was held not the immediate notice called for by the policy. The court held that if there were "circumstances, such as absence from the state or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable," the burden was on the insured to supply the "data necessary to repel the adverse inference." See, also, Reina v. United States Cas. Co., 228 App.Div. 108, 239 N.Y.S. 196, affirmed 256 N.Y. 537, 177 N.E. 130 (26 days); Haas Tobacco Co. v. American Fidelity Co., 178 App.Div. 267, 165 N.Y.S. 230, affirmed 226 N.Y. 343, 123

N.E. 755, 13 A.L.R. 132 (some 10 days); Abitante v. Home Indemnity Co., 240 App. Div. 553, 270 N.Y.S. 641 (49 days); Gullo v. Commercial Casualty Ins. Co., 226 App. Div. 429, 235 N.Y.S. 584 (15 days); Quinlan v. Providence Washington Ins. Co., 133 N.Y. 356, 31 N.E. 31, 28 Am.St.Rep. 645 (33 days); Palacine Oil Co. v. Commercial Cas. Ins. Co., 10 Cir., 75 F.2d 20 (38 days).

■ To avoid this result, defendants make a claim of oral notice. From the parties' stipulation it appears that the insured's president would testify, if called, that some four or five days after the accident he telephoned to either the plaintiff or the insurance brokers or agents who wrote the policy to tell of the accident. His excuse for the short delay was that he had to ascertain whether Esposito was an employee of the insured, and hence subject to workmen's compensation, or was only an employee of a subcontractor. It was further stipulated that both plaintiff and the agents or brokers would deny receiving such notification. This evidence would be too indefinite to justify a finding as to whether or not the notice was given and as to the status of the person to whom it was given; and if I regarded the point as decisive, I should feel it necessary to ask for further testimony. But in view of the explicit agreement against waiver, it seems to me that it can have no bearing, and that nothing short of an agreement by an authorized representative with full power would justify any change in this condition. Under a statute just passed, it seems that hereafter such an agreement must be in writing. N.Y.Pub.Acts 1941, c. 329. That was the policy agreement here, which, it seems, is enforced under state law; in any event, the requirement of an express and duly authorized waiver is clear, as the Circuit Court of Appeals has held in Bushwick-Decatur Motors, Inc., v. Ford Motor Co., 2 Cir., 116 F.2d 675, 678, applying New York law. See, also, Greentaner v. Connecticut Fire Ins. Co., 228 N.Y. 388, 127 N.E. 249, 14 A.L.R. 841; Quinlan v. Providence Washington Ins. Co., supra; Mapu v. Agricultural Ins. Co., 244 App.Div. 268, 278 N.Y.S. 958. No such agreement is even suggested here.

The final defense is that plaintiff, by undertaking the defense of Esposito's suit, has waived any right to rely on the policy condition. It appears here that plaintiff caused its attorney to enter his appearance for the insured in the action on April 11, 1940, and on April 13, 1940, caused its physician to request a medical examination of Esposito. Esposito's complaint was not filed until April 23, 1940; and plaintiff had no more than the bare notice of April 4, 1940, that an accident had occurred until April 20, 1940, at which time the insured's president gave a statement as to it. On May 7, plaintiff wrote the insured a letter disclaiming liability for the accident because notice had not been given it, but stating that it would continue the defense if the insured would agree that plaintiff did not thereby waive any defenses and that it would assume such agreement unless it was immediately advised to the contrary in writing. Thereafter it continued to serve as attorney for the insured, filing answer and demand for bill of particulars in June, 1940, and presumably preparing the case for trial. The case is now on the calendar awaiting trial. And plaintiff, on June 26, 1940, wrote its insured calling attention to the fact that the demand in the action was in excess of the policy limits and suggesting that the insured procure personal counsel to co-operate with plaintiff's counsel, "who is defending you in accordance with the aforementioned policy contract."

■ The New York cases as to the effect of action by the insurance company in undertaking a defense as a waiver of, or an estoppel against, breach of a condition have recently been analyzed by the Circuit Court of Appeals; and its conclusion as to their effect must be accepted here. Kearns Coal Corp. v. United States Fidelity & Guaranty Co., 2 Cir., 118 F.2d 33, certiorari denied 61 S.Ct. 1099, 85 L.Ed. ——. It appears from this decision that in general where the insurer does not willingly and knowingly accept a defense after a breach of condition, there must be some element of estoppel to the prejudice of the insured in making its defense before the insurer can be held. Hence a prompt disclaimer by the insurer is a protection to it. Such, indeed, is the holding in Weatherwax v. Royal Indemnity Co., 250 N.Y. 281, 165 N.E. 293. See, also, Mason-Henry Press v. Aetna Life Ins. Co., 211 N.Y. 489, 105 N.E. 826; and Lavine v. Indemnity Ins. Co. of North America, 260 N.Y. 399, 183 N.E. 897, all cited and relied on in the Kearns case. These cases are controlling and demonstrate that there was no waiver or estoppel in this case. The only action which plaintiff took in the state suit before

it made its disclaimer was the filing of a notice of appearance when it received the summons and before it had received the complaint, pursuant to the New York practice by which the summons may be served without a complaint. Plaintiff did not then know any of the details of the accident. Mere notice of appearance was hardly a definite showing of election to defend. Further, it could in no way prejudice the position of the insured.

Cases such as 269 Canal St. Corp. **v.** Zurich General Accident & Liability Ins. Co., Ltd., 226 App.Div. 516, 235 N.Y.S. 63, affirmed 252 N.Y. 603, 170 N.E. 159, and Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N.Y.S. 730, are those where the insurer voluntarily took extensive steps in the defense of the action and only thereafter made delayed attempts to disclaim liability. Here the disclaimer was made about as promptly as in all fairness to insured as well as insurer it could properly be required. And there seems to be nothing in plaintiff's letter of June 26, 1940, to the insured, suggesting additional counsel, which should destroy the effect of the previous disclaimer.

Plaintiff is therefore entitled to the declaration for which it prays, although no other affirmative relief is required under the circumstances. Maryland Casualty Co. v. Pacific Coal & Oil Co., supra.

The parties may submit drafts of **a** proposed judgment within five days.