WILLIAM F. LETT, Appellant, *v.* THE GUARDIAN FIRE INSURANCE COMPANY, Respondent.

A policy of fire insurance is a personal contract by which the insurer undertakes to indemnify the assured against loss, in a manner and subject to conditions therein described. The obligation does not pass with the insured property to an assignee or purchaser thereof without the consent of the insurer, and such consent alone can, in case of a transfer, keep in life the agreement.

Defendant issued a policy of insurance to B. upon his property, loss being made payable to A., as mortgagee. B. subsequently conveyed the property subject to the mortgage, and his grantee conveyed to plaintiff;

at the time of such conveyance, B. executed to plaintiff an assignment of his interest in the policy. No consent to the change of title was indorsed by defendant upon the policy, although such consent was made by the policy a condition of its continuance in force. On application of plaintiff for a consent, he was told by an officer of plaintiff that the policy had been canceled; this was not, in fact, true; thereupon plaintiff took out a policy for the same amount in another company, and demanded from B. a return of the allowance for premium made to him upon the transfer of the policy. In an action upon the policy, *held*, that it was invalidated by the failure to obtain defendant's consent to the change of title, and that there was nothing from which such consent, or a waiver of the condition, could be inferred; also, that defendant acquired no interest by his assignment from B., as the latter had no interest at that time in the policy, it having become void by his act.

Other companies paid their insurance to the mortgagee, who, after applying part of it towards reducing her mortgage, paid the balance to plaintiff. She subsequently assigned her mortgage with the policy to one A., who delivered the latter to plaintiff; by its terms the insurer was entitled to be legally subrogated to the mortgagee's rights under the securities held as collateral to the mortgage debt to the extent of any payment to the owner, where any liability to him as owner of the premises was disputed. *Held*, that plaintiff derived no right to the policy through or from the mortgagee, as the latter had no claim under it; also, because the right of subrogation amounted to an equitable bar.

Reported below, 52 Hun, 570.

(Argued October 30, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, affirming a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit.

This was an action upon a policy of fire insurance issued by the defendant.

The facts, so far as material, are stated in the opinion.

*G. A. Clement* for appellant. Plaintiff was entitled to recover in his own right, as there was evidence sufficient to sustain a finding of fact by the jury that the defendant consented to the change in the ownership. (*Landers* v. *W. Ins. Co.*, 86 N. Y. 414, 417; *Benninghoff* v. *A. Ins. Co.*, 93 id.

502; *Shearman* v. *N. Ins. Co.*, 46 id. 530; *Walsh* v. *C. Ins. Co.*, 47 Hun, 599; *Train* v. *H. P. Ins. Co.*, 62 N. Y. 598, 603; *Hooper* v. *H. R. Ins. Co.*, 17 id. 424.) It is not necessary that consent be evidenced by a written indorsement on the policy. (*Buchanan* v. *E. Ins. Co.*, 61 N. Y. 33; *Walsh* v. *H. Ins. Co.*, 73 id. 9; *Steen* v. *N. Ins. Co.*, 89 id. 326; *Trustees, etc.,* v. *B. Ins. Co.*, 19 id. 310.) Plaintiff's actual loss exceeds the insurance, excluding policy in suit, and if the doctrine of subrogation is founded upon equitable principles it should not, in operation or effect, be permitted to work in equity by depriving the plaintiff of indemnity. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417, 421; *Burleigh* v. *G. Ins. Co.*, 90 id. 220.) Mrs. Butler, the mortgagee, to whom the loss was made payable at the time of the assignment by her of her claim to the insurance, did have such an interest or claim as could be and was made the subject of a legal transfer or assignment. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 416; *I. F. Ins. Co.* v. *Murray*, 73 Penn. 13, 28; *N. Y. L. Ins. Co.* v. *Flack*, 56 Am. Dec. 749; *E. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 343; Code Civ. Pro. §§ 1909, 1910; *Hastings* v. *W. Ins. Co.*, 73 N. Y. 141, 148.) The assignment to the plaintiff by the mortgagee was not subject to the terms of the mortgagee clause so as to bind him as a condition precedent to assign the mortgage to defendant, or an interest in it. (*Smith* v. *Roberts*, 91 N. Y. 470; *In re Gilbert*, 104 id. 212; *Watson* v. *Gardiner*, 119 Ill. 312; Thomas on Mort. §§ 364, 367, 371; 2 Washb. on Real Prop. [5th ed.] 205.)

*N. B. Howie* for respondent. The unexplained delay of more than three months in serving proof of loss is a bar to any recovery in this action. (*Brown* v. *L. A. Co.*, 40 Hun, 101, 103–105.)

Gray, J. The policy of insurance, upon which this plaintiff seeks to recover against the insurance company, was not a live instrument in his hands. Its assignment brought no right of action to him. The facts would seem to establish these propo-

sitions without the need of argument.   The policy was issued to Briggs, as the owner of the property, and the loss, if any, was made payable to Angelina Butler, as mortgagee.   Subsequently Briggs, the owner and mortgagor, conveyed to another the premises, subject to the mortgage; and the grantee, in turn, similarly conveyed to plaintiff.   At the time of the conveyance to plaintiff, Briggs executed to him an assignment of his interest in the policy, indorsed upon the duplicate of the instrument which he had in his possession.   No consent, however, was indorsed by the company thereon, covering the change of interest; though such a consent was made, by the agreement of insurance, a condition of its continuance in force.   It was, undoubtedly, competent for the company's officers to continue the obligation of the company by a parol consent, as well as by a written consent; but the proof does not, in my opinion, amount to any evidence at all of a consent on the part of the company to the change of the interest, or to a waiver of the condition contained in the policy in that respect.   The plaintiff thinks he can overcome this difficulty, however, and argues the possibility of an inference being deducible from the facts of a consent by the defendant to the change of interest.   But all there is of that is that when the policy was taken by plaintiff's broker to the office and the demand made for an indorsement of a consent to the change of interest, the officer in returning it said that it had been canceled.   Upon this, plaintiff took out a policy for the same amount in another company, and also demanded from Briggs a return of the allowance for premium, made to him upon the transfer of the policy.   These acts evidenced his acquiescence in the statement of the officer. But plaintiff's counsel insists that his client was misled by the officer's statement, and that the case shows an admission that the policy had not been canceled and, therefore, the conduct of the officer, in so returning the policy, when presented for the consent to the change in ownership, was, for absence of words of refusal to consent, susceptible of the inference that if the policy had not been canceled the company's consent would be given.

That is not sufficient for his case. To supply the want of the formal consent in writing, the proof must show, or tend to show, some waiver of the condition, or a parol consent. For such to be inferred, there must be some evidence of language, or of facts, expressive of a waiver, or of consent. There was nothing more here than the statement that the policy had been canceled. This was not language expressive or pregnant of assent to anything at all. The plaintiff's counsel misapprehends the effect of such a contract. A policy of insurance is distinctly a personal contract, by which the insurer undertakes to indemnify the party named in the writing against loss, in a manner and subject to conditions therein described. The obligation does not pass with the insured property to an assignee or purchaser thereof, without the consent of the insurer. Such a consent alone can keep in life its agreement. This is a rule which is of long standing and needs no discussion. (*Lynch* v. *Dalzell*, 4 Brown's Parliamentary Cases, 431; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. 397; Marshall on Insurance, 800; *Savage* v. *Howard Ins. Co.*, 52 N. Y. 502, 508.)

When Briggs conveyed away his interest in these premises, the obligation of the defendant ceased as to any indemnification of the owner of the premises, and could not be revived, save by some act of the insurer evidencing an assent to a resumption of the obligation in favor of the new party in interest; or, what is practically the same thing, evidencing a new contract with him. When Briggs assigned to plaintiff his interest in the policy, he had no insurable interest, as matter of fact. The subject of the insurance had passed from his ownership, and the relations of insurer and assured had become dissolved by the acts of the assured.

Nor can plaintiff derive any right of action upon this policy through Angelina Butler, the holder of the mortgage. Upon the settlement of the fire losses, the several insurance companies that had risks upon the property and whose policies she held, excepting, of course, this defendant, paid her the insurance moneys. Of these she applied a portion in reduction of

the bond and mortgage indebtedness, and the balance she handed over to plaintiff. Subsequently, she assigned the bond and mortgage to Abbott and, at the same time, assigned over to him this policy. Abbott handed the instrument to plaintiff, who thus became possessed of the policy, which Briggs had previously assigned to him by indorsement upon a duplicate thereof. The plaintiff, however, was no better off then than before. Briggs had no assignable interest; the company had not consented to a change of interest to plaintiff, nor had it waived the condition of its obligation, and Angelina Butler, to whom the loss had been made payable, had no claim under the policy. She had been otherwise settled with as to insurance upon the property. She had, as matter of fact, turned over a portion of the insurance moneys to this plaintiff, resting content with the security, which the land afforded her, for the payment of the balance due on the bond. Moreover, the doctrine of subrogation could be successfully invoked by the defendant in defense of this action, if based on the assignment from the mortgagee. By the terms of the policy, the insurer was entitled to be legally subrogated to the mortgagee's rights under the securities held collateral to the mortgage debt, to the extent of any payment made to the owner, where any liability to him as owner of the premises was disputed. Therefore, if the company was made to pay any moneys to plaintiff, as the assignee of Mrs. Butler, it could claim reimbursement from him out of the mortgaged property, for the reason that he was not possessed as owner of any legal rights under the policy against the insurer. The existence of this right amounts to an equitable bar to the maintenance of an action by plaintiff upon any claim under Mrs. Butler's assignment.

The complaint was properly dismissed, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.