ROSA TRUGLIO, Respondent, *v.* ZURICH GENERAL ACCI-
    DENT AND LIABILITY INSURANCE COMPANY, LTD.,
    Appellant.

Insurance (liability) — subrogation — transfer of real prop-
erty the owners of which held liability insurance — notice
to company to transfer policy to new owners — action by
person injured to recover from insurance company amount of
unsatisfied judgment recovered in action against new owners —
erroneous charge that acceptance by insurer of new owners
must be conclusively presumed — assent may not be inferred
from failure of insurer to act — alleged usage of no avail in
absence of proof thereof.

1. In an action under section 109 of the Insurance Law (Cons.
Laws, ch. 28), to recover the amount of an unsatisfied judgment for
personal injuries recovered against the owners of a building who, it
was alleged, held a liability policy issued by defendant, where it
appears that the policy which had been issued to a former owner of
the property contained a provision that no assignment of interest
shall bind the company unless consented to by written indorsement on
the policy, and that though defendant was notified of the transfer and
requested to transfer the insurance to the new owner, nothing had been
done at the time of the accident to signify acceptance by defendant of
the new owners as the parties insured, it was error for the trial court to

instruct the jury that the acceptance of the new owners was to be conclusively presumed if defendant had possession of the policy when the request for the indorsement was received at its office.

2. An argument that assent is to be inferred from the failure to act upon the request for two days cannot be sustained. Defendant was free to accept or to reject the new owners either with reason or without. Mere silence or inaction left the situation as it was.

3. An alleged usage on the part of insurance companies to accept all such applications provisionally and until notice of rejection cannot avail plaintiff in the absence of proof thereof. (*Manchester* v. *Guardian Assurance Co.*, 151 N. Y. 88, distinguished.)

*Truglio* v. *Zurich General Accident & Liability Ins. Co.*, 221 App. Div. 760, reversed.

(Argued February 16, 1928; decided March 27, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 3, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Edward P. Lyon, Harold S. Lyon* and *Alfred W. Andrews* for appellant. Defendant's motion to dismiss the complaint made at the opening of the case at the close of plaintiff's case and at the close of the whole case should have been granted. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 560; *Gans* v. *Ætna Life Ins. Co.*, 214 N. Y. 326; *Lett* v. *Guardian Fire Ins. Co.*, 125 N. Y. 82; *Greentaner* v. *Conn. Fire Ins. Co.*, 228 N. Y. 388; *Andrews* v. *Equitable F. & M. Ins. Co.*, 236 N. Y. 573; *Baumgartel* v. *Providence & W. Ins. Co.*, 136 N. Y. 547; *Moore* v. *N. Y. B. F. Ins. Co.*, 130 N. Y. 537.) An estoppel to claim a forfeiture cannot be based on mere silence. (*Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 560; *Moore* v. *N. Y. B. F. Ins. Co.*, 130 N. Y. 537; *N. Y. Rubber Co.* v. *Rothery*, 107 N. Y. 310; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Gibson Elec. Co.* v. *Liverpool & London & Globe Ins. Co.*, 159 N. Y. 418.) The alleged custom cannot be relied on to sustain this judgment. (*Gravenhorst* v. *Zimmerman*,

236 N. Y. 22; *Corn Exchange Bank* v. *Nassau Bank,* 91 N. Y. 74; *Clifton Shirting Co., Inc.,* v. *Bronne Shirt Co., Inc.,* 213 App. Div. 239; *Sherri* v. *Nat. Surety Co.,* 243 N. Y. 266.)

*Benjamin C. Ribman* for respondent.   The defendant's motions to dismiss were properly denied since it was clearly established by the evidence and as a matter of law that the defendant consented to the transfer.   (*Manchester* v. *Guardian Assur. Co.,* 151 N. Y. 88; *Graham* v. *Home Ins. Co.,* 197 N. Y. Supp. 655; *Schoenholz* v. *N. Y. Life Ins. Co.,* 234 N. Y. 24; *Tidd* v. *McIntyre,* 116 App. Div. 602; *Walls* v. *Bailey,* 49 N. Y. 464; *Newhall* v. *Appleton,* 114 N. Y. 140; *Atkinson* v. *Truesdell,* 127 N. Y. 230.)   The appellant's point that an estoppel to claim a forfeiture cannot be based on mere silence, is not germane because of the custom in the insurance business and the practice in its own office to grant temporary consents to transfers as a matter of course.   (Williston on Contracts, 1440, § 758; *Allegheny College* v. *Nat. Chautauqua County Bank,* 245 N. Y. 369.)

Cardozo, Ch. J.   Plaintiff recovered a judgment for personal injuries suffered through a fall upon a sidewalk. Execution being returned unsatisfied, she brings this action, under Insurance Law (Cons. Laws, chap. 28), section 109, against defendant, an insurance corporation, alleging that the owners of the building held a liability policy issued by defendant to which plaintiff should be subrogated.   The defendant denies that the owners were insured when the injuries were suffered.

One Amico was the owner of a house and lot in Brooklyn. She held the defendant's liability policy, made out in error, however, to Julia Amico instead of Giuseppa.   On August 1, 1921, she agreed to sell this property to Giuseppe and Caterina Falco, to whom she made a deed on or about August 31.   The policy of insurance provided: "No assignment of interest under this policy shall bind

the company unless such assignment is consented to by endorsement signed by the manager and attorney or assistant manager for the United States." On September 1, one Palumbo, a lawyer, mailed the policy to the defendant requesting that the name Julia be changed to Giuseppa. This was done. There was no mention of the sale. The defendant says that after making the change, it sent the policy back to the brokers who procured it. A fortnight thereafter, on September 14, the same lawyer wrote the defendant that the premises had been conveyed to the Falcos and asked that their names be indorsed upon the policy as owners. This letter was received by the defendant on September 15. Two days later, September 17, the accident occurred. At that time the defendant had done nothing to signify its acceptance of the new owners as the parties insured. Indeed it denies that it had the policy in its possession. The trial judge left to the jury a single question of fact, did the defendant have such possession on September 15 when the request for the indorsement was received at its office? If it did, the jury were instructed that the acceptance of the new owners was to be conclusively presumed, and that the defendant would be liable as if an indorsement had been made.

We see no basis for such a holding. This is not a case where the original party to the contract, retaining an interest in the property, seeks to avoid a forfeiture claimed to have resulted from placing an incumbrance upon such interest or transferring a part interest to another. Even in such circumstances one might be at a loss to find the evidence of waiver or estoppel. This is a case where the original party to the contract has dropped out altogether, transferring the whole title to others, who have no interest in the insurance unless a new contract has been made between them and the insurer. The policy of insurance in their hands was no longer " a live instrument " (*Lett* v. *Guardian Fire Ins. Co.*, 125 N. Y. 82), unless life was breathed into it again by force of a new

assent responsive to a new offer.   We are told that such assent is to be inferred as a matter of law from the failure to act upon the request for two days, and this in the face of a provision that no assignment shall be effective without written approval indorsed upon the policy.   Contracts are not made so easily.   The defendant was free to accept or to reject the new owners either with reason or without. Mere silence or inaction left the situation as it was.   For a fortnight or more the owners had been without insurance.   The policy issued to their grantor had spent its force as a contract upon the conveyance of the property. More than a request was needed to bring it back to life.

The case of *Manchester* v. *Guardian Assurance Company* (151 N. Y. 88), relied on in the courts below, gives no support to their conclusion.   There a general agent had promised to make the indorsement on a policy subject to his control.   Here the agent had not promised anything. The *Manchester* case was distinguished and narrowly limited in *Greenlaner* v. *Conn. Fire Ins. Co.* (228 N. Y. 388).   We should be extending it, instead of limiting it, if we were to apply its ruling here.

The plaintiff makes some point about a usage on the part of insurance companies to accept all such applications provisionally and until notice of rejection.   We pass over the question whether the usage could prevail in the face of the provisions of this policy.   If valid, it has not been proved.   When temporary insurance is intended, the practice of the companies is to sign a binder, with appropriate conditions (*Sherri* v. *Nat. Surety Co.*, 243 N. Y. 266).   If the risk is disapproved, the binder may be canceled.   Here there was no binder and, therefore, no insurance.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed with costs in all courts.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.