SARAH L. MAPU, Respondent, *v.* AGRICULTURAL INSURANCE COMPANY and Another, Appellants.

Second Department, April 18, 1935.

*Lawrence S. Hazzard* [*George Beisheim, Jr.*, with him on the brief], for the appellants.

*Ivan S. Skura* [*Eugene Nadelman* with him on the brief], for the respondent.

HAGARTY, J. On the 2d day of July, 1930, each of the defendants issued a policy of fire insurance, under the standard form as prescribed by the laws of this State, to the plaintiff as the owner of a described dwelling. It is undisputed that each of the policies con-

tains the usual clauses declaring that they shall be void unless otherwise provided by agreement in writing added thereto if the interest of the insured be other than that of ownership in fee simple, and that no one shall have power to waive any provision or condition unless such waiver shall be in writing added thereto.

During the life of the policies, and on the 30th day of May, 1933, a fire occurred, and plaintiff seeks to recover, not as owner, but as the holder of a purchase-money mortgage, for on the 14th day of April, 1932, and after the policy went into effect, she had conveyed to one John Fontecchio. No agreement in writing was added to the policies, taking cognizance of and waiving the forfeiture occasioned by this change of ownership.

An insurer is entitled to know who has the title to, or an interest in, property proposed for insurance, to the end that it may determine whether or not to enter into or continue a contract of insurance. Here it was willing to contract with the plaintiff as owner, but it does not follow that it would have been willing so to do with the new owner. This element is material to the risk, and the provision as to avoidance in this respect will be upheld. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 502; *Perry* v. *Lorillard Fire Ins. Co.*, 61 id. 214.)

The respondent, however, seeks to avoid the effect of the position in which she now finds herself, by alleging waiver or estoppel, and in her affidavit in opposition to the defendant's motion for judgment she avers that, within several days after the conveyance by her to Fontecchio, she called at the office of the appellants' agent and held a conversation with one Ballou, in charge of insurance matters, whom she advised of the conveyance, and requested of him appropriate indorsements of the policies so as to protect her interest as mortgagee. Although the entire conversation is denied by Ballou, for the purposes of this motion plaintiff's version will be accepted as true. She avers that Ballou advised her that he would take care of the matter and would, in the course of a few days, mail to her " the necessary certificates to be attached to and endorsed upon the said policies."

Admittedly, this was never done and, although the policies were in the possession of the plaintiff and never surrendered to the agent, she retained them without such indorsement for more than a year thereafter and up to and including the time of the fire.

Under these circumstances, it seems clear that the plaintiff may not recover. The policy is void because of change of ownership, unless that provision is waived in writing. There is no writing. Instead, the plaintiff relies upon an oral agreement. The very purpose of requiring a writing is to prevent the interposition of such a contention, dependent as it is on the issue of credibility.

The great weight of authority is that, even though an agent has agreed to waive such provision after the policy has had a valid inception, but has not done so in writing, where the policy requires such writing as the sole means of effecting waiver, it is void. As BARTLETT, J., wrote in *Moore* v. *H. F. Ins. Co.* (141 N. Y. 219, 224): " Every person who now enters into a contract of insurance is required to agree that no officer or agent or other representative of the company shall have power to waive any provision or condition of the policy, except such as by the terms thereof may be subject of agreement indorsed thereon, and as to such provisions and conditions the waiver must be written upon or attached to the policy, and he specially covenants that he will not claim any privilege or permission unless it be in writing.

" The judgment appealed from ignores the plain provisions of the contract of the parties relating to foreclosure and waiver, and is contrary to the decisions of this court on the precise point presented now, and others which involve the same principle of construction."

To the same effect are *Baumgartel* v. *P. W. Ins. Co.* (136 N. Y. 547); *Gray* v. *Germania Fire Ins. Co.* (155 id. 180); *Northam* v. *Dutchess County Mut. Ins. Co.* (166 id. 319), and *Greentaner* v. *Connecticut Fire Ins. Co.* (228 id. 388).

A line of authorities which holds that if the circumstance upon which avoidance might be predicated by the terms of the policy existed at its inception and had theretofore been made known to the agent of the insurer, who had nevertheless caused the policy to be issued, waiver will be deemed to have operated despite the provision that it shall not take place except in writing (*Whited* v. *Germania Fire Ins. Co.*, 76 N. Y. 415; *Berry* v. *A. C. Ins. Co.*, 132 id. 49; *Carpenter* v. *G. A. Ins. Co.*, 135 id. 298; *Robbins* v. *Springfield Fire Ins. Co.*, 149 id. 477; *McGuire* v. *Hartford Fire Ins. Co.*, 7 App. Div. 575), may readily be distinguished for the reason that in the case at bar the change of ownership took place long after the policies went into effect.

Respondent's main reliance is *Manchester* v. *Guardian Assurance Co.* (151 N. Y. 88). There, shortly after the time of the conveyance changing ownership, the purchaser, through the seller as her agent, notified the insurer's agent and requested him to go to a bank which held the policy as mortgagee and to procure it and make the necessary indorsement thereon, which the insurer's agent agreed but failed to do. In the opinion (MARTIN, J.) it was written (p. 93): " In this case there was an express promise to make the indorsement required, and there was nothing to be done by the plaintiffs before the defendant was to act. The policy was in the hands of a third person and not under the plaintiffs' control. With

a full knowledge of that fact, the defendant promised to go where the policy was kept and make the required indorsement."

It will thus be observed that a substantial ground for the exercise of the doctrine of estoppel was there present, which is not here, namely, that the plaintiff had a right to assume that the agent had actually made the requisite indorsement. Here, however, the respondent knew, or should have known, that the change was not effected, for the policies were never surrendered for the purpose and remained continuously in her possession without the requisite indorsement. The *Manchester Case (supra)* has been distinguished on this precise ground by this court in *Tompkins* v. *Hartford Fire Ins. Co.* (22 App. Div. 380), and in the *Northam* and *Greentaner Cases (supra)*. As CARDOZO, Ch. J., observed in *Truglio* v. *Zurich General Acc. & L. Ins. Co.* (247 N. Y. 423, 427): "The *Manchester* case was distinguished and narrowly limited in *Greentaner* v. *Conn. Fire Ins. Co.* (228 N. Y. 388)."

The result is that this case seems to be one which is well within the preponderant authority to the effect that neither waiver nor estoppel may be invoked as against the language of the policy requiring such waiver to be in writing. Summary judgment under rule 113 of the Rules of Civil Practice should follow.

The order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment under rule 113 of the Rules of Civil Practice granted, with ten dollars costs.

LAZANSKY, P. J., TOMPKINS, DAVIS and JOHNSTON, JJ., concur.

Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment under rule 113 of the Rules of Civil Practice granted, with ten dollars costs.