GEORGE B. RAY et al., Respondents, v. CANTON CO-OPERATIVE FIRE INSURANCE COMPANY et al., Appellants.

Argued June 12, 1941; decided July 29, 1941.

*Nelson R. Pirnie* and *Charles B. Sullivan* for appellants. Even if the claimed statement of the agent to plaintiffs' grantor that he would look after plaintiffs' insurance could be held a promise made to plaintiffs, this would not constitute a waiver by defendants of the provision of the policy. (*Greentaner* v. *Connecticut Fire Ins. Co.*, 228 N. Y. 388; *Truglio* v. *Zurich General Acc. & L. Ins. Co.*, 247 N. Y. 423; *Mapu* v. *Agricultural Ins. Co.*, 244 App. Div. 268.)

*Frank C. Mason* and *Edward L. P. O'Connor* for respondents. The defendants are bound by the assent of their agent to the transfer of the policy to plaintiffs. (*Angell* v. *Hartford Fire Ins. Co.*, 49 N. Y. 171; *Ruggles* v. *American Cent. Ins. Co.*, 114 N. Y. 415; *Manchester* v. *Guardian Assur. Co.*, 151 N. Y. 88; *Ellis* v. *Albany City Fire Ins. Co.*, 50 N. Y. 402; *Andrews* v. *Equitable Fire & Marine Ins. Co.*, 236 N. Y. 573; *Squier* v. *Hanover Fire Ins. Co.*, 162 N. Y. 552; *Barone* v. *Ætna Life Ins. Co.*, 260 N. Y. 410; *Drennan* v. *Sun Indemnity Co.*, 271 N. Y. 182; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 195; *Walker* v. *Phœnix Ins. Co.*, 156 N. Y. 628.) The acts and conduct of the defendants and of their agent after the fire show that they recognized the plaintiffs as covered by their policy. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Benninghoff* v. *Agricultural Ins. Co.*, 93 N. Y. 495.)

*Per Curiam.* Since the policy in suit was at the times in question in the exclusive possession of the plaintiffs, the defendant companies were not bound by the promise of any of their agents that consent to an assignment thereof to the plaintiffs would be endorsed thereon. (*Greentaner* v. *Connecticut Fire Ins. Co.*, 228 N. Y. 388; *Truglio* v. *Zurich*

General Acc. & L. Ins. Co., 247 N. Y. 423. See Mapu v. Agricultural Ins. Co., 244 App. Div. 268.) No estoppel against the defendant companies arose from the circumstance that plaintiffs had at their request submitted estimates of the amount of the loss. (Draper v. Oswego County Fire Relief Assn., 190 N. Y. 12.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.