SHERMAN PLASTERING CORPORATION et al., Appellants, *v.* R. & R. COMPANY, INC., et al., Defendants, and CHARLES BUCHMAN et al., Respondents.

Third Department, March 11, 1953.

*David Morgulas* for Metro Decorating Co., Inc., appellant.

*Charles Howard Levitt* and *Laurence E. Deutsch* for Sherman Plastering Corporation and another, appellants.

*Isador Taub, Leonard Weiss* and *Arnold Rosenstein* for respondents.

Coon, J.   This action was brought to foreclose certain mechanics' liens filed against the property involved, which is a housing project in Glens Falls, N. Y.   The complaint alleges that the owner of the property obtained from the Onondaga County Savings Bank (hereinafter called " Bank ") a building and loan mortgage, and executed a building and loan agreement in the form of and in accordance with section 608 of the National Housing Act (U. S. Code, tit. 12, § 1743), and that in accordance with said act the four defendants involved in this appeal executed an indemnity agreement.

The " form of " indemnity agreement signed by these respondents is annexed to the complaint as Exhibit A.   It is in effect an indemnity agreement running to the " lender " to protect the lender " from costs and damages which it may suffer by reason of the failure of the Borrower   *   *   *   and to repay to the Lender any outlay and expense incurred in making good any such default on the part of the Borrower ".   The indemnity agreement also recites that the borrower will cause completion of the buildings in accordance with specifications " free from all liens and claims of any and all person or persons performing labor thereon or furnishing materials therefor, or both."   It is solely by virtue of signing this agreement, and particularly because of the last-quoted clause, that respondents are made parties defendants in this action.   Concededly the agreement does not run directly to the plaintiffs, and does not express that it is made for their benefit.   Plaintiffs frankly concede, both on oral argument and in their brief, that no direct action would lie by the plaintiffs against the respondents. (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44.)   They seek a judgment directing the bank to bring action on this indemnity agreement, and seek to hold respondents in abeyance as pos-

sible defendants in the event they are successful in obtaining such relief. In reality the complaint alleges an anticipatory cause of action only, alleges no present cause of action, and demands no present relief against respondents. The complaint alleges that these respondents " may become proper and necessary parties " and prays for no relief whatever against them. Neither the Civil Practice Act nor New York case law recognizes such a remote, contingent, or possible future right to relief as constituting a present cause of action. The complaint must allege a present, immediate and existing right to relief to be a good pleading. Section 193 of the Civil Practice Act does not alter that rule.

The only allegation in the complaint which could possibly be construed as stating any present cause of action against respondents is paragraph 21, which alleges upon information and belief " said indemnity agreement was required and obtained for the benefit of the Bank the plaintiffs and all those furnishing labor and/or material in and about the construction and erection of the aforesaid apartments." But this is a mere conclusion and not an allegation of fact. Exhibit A, attached to the complaint, does not substantiate the conclusion. While on a motion of this kind we are to accept as true all the allegations of fact, we need not assume the truth of conclusions. (*Kalmanash* v. *Smith*, 291 N. Y. 142; *Matter of Hines* v. *State Board of Parole*, 293 N. Y. 254.) When a complaint neither asserts a present cause of action nor prays for any present relief against parties merely named as defendants, such parties should not be harassed by being required to defend litigation because of a mere allegation that at some future time there is a possibility of their liability.

The order dismissing the complaint as to respondents should be affirmed, with $10 costs.

Foster, P. J., Bergan, Halpern and Imrie, JJ., concur.

Order affirmed, with $10 costs.