WASHINGTON ASSURANCE Co., Plaintiff, *v.* RUPERT DUNCAN et al., Defendants.

Supreme Court, Special Term, New York County, January 26, 1955; on reargument, April 11, 1955.

1044

*White & Walsh* for Charles Grant, defendant.

*Max J. Gwertzman* for plaintiff.

*Leon Ellner* and *Morris Krauthamer* for Rupert Duncan and another, defendants.

MATTHEW M. LEVY, J. The complaint alleges in substance: The plaintiff issued a fire insurance policy to the defendants

Duncan, insuring the interest of the Duncans to the extent of $12,000 on certain real property located in New York City. Thereafter the Duncans sold the property to the defendant Grant and became mortgagees thereon by way of a purchase-money mortgage. Later, and during the term of the policy, the property was damaged by fire. The claimed loss amounts to $2,735.85. The Duncans assigned to the defendant Grant the claim against the plaintiff, and Grant instituted an action against the plaintiff in the Municipal Court of the City of New York for the sum of the claimed fire loss. The policy contains a clause which provides that " If this company [the plaintiff] shall claim no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee be subrogated to all the mortgagee's rights of recovery but without impairing the mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage." The policy also provided that " Whenever this Company shall pay the mortgagee, or trustee, any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt." *

It is asserted in the complaint: that the defendant Grant was never a party to the insurance contract, and that the plaintiff denies any liability thereunder to Grant; that, pursuant to the terms of the policy, the plaintiff is legally entitled to be subrogated *pro tanto* to the mortgage held by the defendants Duncan in connection with any payment which the plaintiff may be required to make under the policy; that, if payment be made by the plaintiff to the defendants Duncan in accordance with their mortgage interest, such payment would give the plaintiff the right to demand and receive a *pro tanto* assignment of the mortgage held by the Duncans against Grant; that the Municipal Court has no equitable jurisdiction; that, if the Municipal Court action is permitted to proceed, a judg-

---

* While not alleged in the complaint, it appears from the copy of the policy attached to the counter-motion hereafter referred to, that the policy contains another clause applicable to subrogation, as follows: " Subrogation. This company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this Company." (See the statutory standard fire policy at lines 162–165, in Insurance Law, § 168, subd. 6.)

ment may be rendered there in favor of the assignee Grant against the plaintiff, and that the plaintiff will thus be afforded no opportunity to obtain the assignment of the mortgage to which it is entitled.

The plaintiff has instituted this suit to stay the defendant Grant from proceeding with the Municipal Court action, to enjoin the sale or disposition of the mortgage by the defendants Duncan, and to have this court fix the amount of the loss and the amount of the plaintiff's liability under the policy, so that, in the event that any liability for the loss is imposed on the plaintiff, it may be decreed that the plaintiff is entitled to an interest in the mortgage held by the defendants Duncan.

The defendant Grant moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, asserting (1) that another action is pending between the parties for the same cause; (2) that the complaint fails to state facts sufficient to constitute a cause of action, and (3) that the action is premature in that the damages the plaintiff complains of have not accrued. The plaintiff has counter-moved to enjoin the defendant Grant, pending the final determination of this action, from prosecuting the Municipal Court suit (or in the alternative for consolidation of the two actions), and also to enjoin the defendants Duncan *pendente lite* from disposing of the purchase-money mortgage.

Although the law action in the Municipal Court and the action for an injunction in this court arise out of the same fire loss covered by the same policy of insurance, the suits cannot be regarded as relating to the same cause of action. Here, the relief demanded is much broader than that obtainable in the Municipal Court. In the action pending there, the only questions to be determined are the extent of the loss and the insurer's liability to pay. In this action, the plaintiff is, in addition, seeking a determination that it is subrogated to the rights of the mortgagee as well as injunctive relief to protect its rights under the policy (see *Avery* v. *Title Guar. & Trust Co.*, 230 App. Div. 519). Grant, a defendant here with the Duncans, is the plaintiff and the only adverse litigant in the Municipal Court. (*Westminster Presbyt. Church of West Twenty-Third St.* v. *Trustees of the Presbytery of N. Y.*, 211 N. Y. 214, 219–220.) The Municipal Court has no jurisdiction to award equitable relief (as distinguished from its power to entertain equitable defenses) and thus the judgment sought here is not within the competence of that court. In the circumstances, it cannot be held that there is another action pend-

ing between the same parties for the same cause of action (*Rudd* v. *Cornell*, 171 N. Y. 114, 127; *National Fire Ins. Co. of Hartford* v. *Hughes*, 189 N. Y. 84, 88.)

An immediate (although unpresented) issue which comes to mind is whether the transfer of title in the property by the Duncans, the original assureds — who were owners thereof at the time of the issuance of the policy — to Grant, and the taking back by them of a purchase-money mortgage from Grant, voided the policy and terminated the liability of the insurer to either the Duncans or Grant.

Prior to 1943, the standard fire insurance policy in New York contained a provision voiding the policy if any change, other than by death of the insured, took place in the interest, title or possession of the subject of insurance. Accordingly, it was held that any change in interest after the issuance of the policy, without the consent of the insurer, operated to destroy the named assured's rights under the policy and gave the purchaser no benefits thereunder (Richards on Insurance [5th ed.], vol. 3, § 518). Therefore, when the policy prohibited any change in title or possession, the assured's conveyance of the property to another and the taking back of a purchase-money mortgage operated to avoid the coverage of the policy (*Mapu* v. *Agricultural Ins. Co.*, 244 App. Div. 268, 269). But the present statutory standard policy (Insurance Law, § 168), which became effective in 1943, and in conformity with which the present policy was issued, contains no such express prohibition — although the policy before me does contain a clause which suspends or restricts insurance "while the hazard is increased by any means within the control or knowledge of the insured". The policy does not specify the nature, type or extent of the assured's interest, but expressly provides that the insurance coverage shall not exceed "more than the interest of the insured". Whatever may have been the reason for the change in the standard form of the policy, the significant fact remains that no policy restriction in express language prohibits alienation of the property or avoids liability of the insurer in that event.

It may be assumed that a change in title or interest of the assured might create an additional risk for the insurer, as it normally operates not only to destroy the assured's interest to guard the property, but adds other hazards to the policy which the insurer might not wish to assume (*Rosenstein* v. *Traders' Ins. Co. of Chicago, Ill.*, 79 App. Div. 481). Nevertheless, by simultaneously taking back a purchase-money

mortgage as part of the conveyance, it seems to me that the Duncans still retained an insurable interest which is sufficient to effectuate the continuation of the policy so far as their interest is concerned and for which the insurer limited its liability. No reported cases have been found in which the assured's conveyance of the property and the simultaneous taking back of a purchase-money mortgage has been considered under the present standard form of fire insurance policy. However, in *Brewer* v. *North Riv. Ins. Co.* (N. Y. L. J. Nov. 21, 1950, p. 1273, col. 2) it was held that a defense that the assured ceased to be the owner of the property after the issuance of the policy and prior to the fire did not operate to avoid the company's liability to pay for the loss incurred by the fire, inasmuch as the assured had by virtue of the purchase-money mortgage an insurable interest in the property at least to the extent of the mortgage (cf. *Lett* v. *Guardian Fire Ins. Co.,* 125 N. Y. 82, under the earlier form of policy). Although the insurance company's liability under the policy to Grant, the new owner, has been put in issue by the pleadings in the Municipal Court action, the company fails to allege nonliability as to the Duncans, the named assureds, in the complaint for injunctive relief, which is now attacked for insufficiency by the defendant Grant. The inference results (and in its presentation on its present submission to me the insurer seems to concede) that it is liable to the Duncans under the latter's interest as mortgagees.

Now let me consider at this point the plaintiff's assertion that it is entitled to subrogation and injunction. As has been seen from the express language of the policy, its clauses provide for subrogation in the event of *payment,* not otherwise. No right to subrogation accrues to the plaintiff until payment of the loss is made. (*Ocean Acc. & Guar. Corp.* v. *Hooker Electrochem. Co.,* 240 N. Y. 37, 53–54.) And it affirmatively appears from the complaint that the plaintiff has made no payment for the loss either to the mortgagees or the owner, and that it has denied liability to the owner. In the absence of such payment, the complaint fails to allege a present, immediate and existing right to relief by way of subrogation, but sets forth only an anticipated right thereto if any exists at all (*Massaro* v. *National Fire Ins. Co. of Hartford, Conn.,* 249 App. Div. 262, affd. 274 N. Y. 603; *American Sur. Co. of N. Y.* v. *Gerold,* 255 App. Div. 285; cf. *Sherman Plastering Corp.* v. *R. & R. Co.,* 281 App. Div. 293). Nor is there any other

allegation in support of the claim that the plaintiff's remedies later or at law are or might be inadequate — such, for example, as that there was collusion between the defendants Duncan and Grant to deprive the plaintiff of its rights and remedies under the policy; or that the Duncans had threatened or were about to assign the mortgage and thus the plaintiff would be unable to obtain subrogation under the policy; or perhaps (while the adequacy of plaintiff's remedy can not depend without more upon the collectibility of recoverable damages) that the defendants were so impecunious as to render the plaintiff remediless in fact were the plaintiff unable to rely upon the protective shield of over-all equity jurisdiction in the premises; or the like. There is no basis, in the circumstances, for restraining the mortgagees from disposing of the mortgage. In consequence, there is no ground for invoking equity jurisdiction, and the injunctive relief sought cannot now be obtained. The complaint is therefore insufficient as a matter of law and must be dismissed.

The recent case of *Madison Ave. Properties Corp.* v. *Royal Ins. Co.* (281 App. Div. 641) is urged upon me as authority for a contrary ruling. There the owner of certain premises sued the defendant insurance companies for a loss resulting from fire, and the defendants in their answer — proceeding as third-party plaintiffs — were permitted to bring in as third-party defendant a subcontractor whose electrical installation was claimed by the insurance companies to have been done in a negligent manner and which caused the loss sustained by plaintiff. The third-party complaint was held sufficient even though no payment had been made by the insurance companies to their assured. However, that case was concerned only with section 193-a of the Civil Practice Act. It was held there by a divided court that the statutory language permitting the impleading of a third party who " is or may be " liable over to the defendant was sufficiently broad to allow the third-party complaint in that case to stand. This decision, on its own facts, has been recognized as " a very advanced construction " of section 193-a (Prashker on New York Practice [3d ed.], p. 284, § 163A, note 16, par. [c]). But whether impleader under this section is proper where the claim-over is based on negligence, it cannot be said that it is a holding applicable to a situation (such as this) — where there is no claim on the basis of negligence and there is no claim against a primary wrongdoer, and where the claim is based strictly on the insurance contract and the contract provides for subrogation only where there has been payment, and there has been no payment.

It appears that in the Municipal Court, Grant sues in two capacities — in his own right as owner of the policy and the property, and also as assignee of the rights of the Duncans of the claim and under the policy. If Grant succeeds there in his own right, the matter of the plaintiff's claim under the terms of the policy does not arise. In order for the plaintiff here to be entitled to subrogation and *pro-tanto* assignment of the mortgage made by Grant to the Duncans, Grant must recover in the Municipal Court as assignee and not in his individual capacity. The plaintiff's right to this *pro-tanto* assignment, therefore (altogether aside from the payment required by the policy, heretofore discussed) is not free from doubt and is in that respect contingent on the outcome of the Municipal Court litigation. Obviously, if in the Municipal Court action it is determined that the Duncans, the named assureds, breached the conditions of the policy, Grant, the assignee of the assureds' claim, will not be entitled to recover, for, *qua* assignee, he stands in no better position than his assignors. Therefore, that action will necessarily be determinative of the insurer's right to subrogation. As the injunction action does not allege nonliability to the defendants Duncan, and since no right of subrogation under the policy arises until payment of the loss is made to the Duncans, determination of the ultimate question of liability or nonliability of the plaintiff for the loss is not called for either on the motion to dismiss the Supreme Court action or on the motion to enjoin the prosecution of the Municipal Court action.

The complaint having been found insufficient in law and having been dismissed, there is no basis upon which this court may enjoin the prosecution of the Municipal Court action. If a stay of that action is deemed necessary, application may be made for such relief in that court (*Indestructible Metal Prods. Co. v. Summergrade,* 197 App. Div. 199). Moreover, as there is now (by virtue of the dismissal of the complaint) no action pending in this court against the defendant Grant, there is nothing here with which to consolidate the Municipal Court action commenced by Grant against the insurer.

In sum, the motion of the defendant Grant to dismiss the complaint is granted, and the motion of the plaintiff to enjoin the prosecution of the Municipal Court action (or for consolidation) and to enjoin disposition of the mortgage is denied. Orders have been signed accordingly.