Walter B. Hart, J.
The first cause of action of the complaint herein against the defendant Firemen’s Insurance Company of Newark, N. J., is brought to recover on a fire insurance policy issued by defendant in the standard form on October 4, 1955 to Foster Garden Apartments, Inc., the then owner of premises 805 Foster Avenue, for the period from November 26, 1955 to November 26, 1958.
On or about the 26th day of November, 1956 the said Foster Garden Apartments, Inc. conveyed title of the premises to plaintiff, at which time the policy of insurance was transferred and delivered by it to plaintiff. On January 14, 1958 the property was partially destroyed by fire. It is further alleged that upon the occurrence of the fire plaintiff duly gave notice thereof to defendant and “ plaintiff duly performed all of the terms and conditions provided by the said policy on its part to be performed, except those conditions to the effect that a change in *485 ownership must appear by written endorsement attached to said policy indicating the change of the assured to such new owner, as well as the further condition to the effect that no permission or waiver regarding said policy shall be valid unless granted in said policy or is in writing and added thereto.” It is further alleged by paragraph “10” of the complaint that those conditions were waived by an authorized agent of defendant, in that on presentation of a request by plaintiff’s agent to effect the changes, defendant’s agent notified plaintiff’s agent that such change would be made. The succeeding allegations which defendant presently moves to strike pursuant to rule 103 of the Buies of Civil Practice, on the ground that they are irrelevant, evidentiary and prejudicial, are as follows: that plaintiff did rely on such statement and had no reason not to rely thereon in that defendant Firemen’s did formally effectuate the change in ownership and assured from Francis J. McLaughlin and Evelyn Y. McLaughlin to plaintiff on another policy insuring another parcel of real property also located on Foster Avenue in Brooklyn which was transferred to plaintiff within two weeks from the transfer of the property above referred to by Foster Garden Apartments, Inc. to plaintiff on or about the 26th day of November, 1956.”
In the opinion of the court that portion of the allegation which follows the phrases “ that plaintiff did rely on such statement and had no reason not to rely thereon ’ ’ is clearly irrelevant, evidentiary and prejudicial. The fact that defendant consented to indorse a policy covering different premises which plaintiff purchased from other persons has no bearing on the issue as to whether defendant waived the provisions of the policy which required that the change of ownership of the premises here involved be indorsed on the policy. Accordingly, the allegations are irrelevant and prejudicial. Even assuming, arguendo, however, that they are relevant, they are evidentiary in character and have no place in the pleading (Young v. White, 158 App. Div. 760; Chittenden v. San Domingo Improvement Co., 125 App. Div. 855). Accordingly, this branch of the motion is granted as indicated.
The second cause of action against defendant Firemen’s Insurance Company of Newark, N. J. alleges: As part of consideration for the conveyance of the premises to plaintiff by Foster Garden Apartments, Inc. plaintiff executed a purchase-money mortgage to the vendor which was unpaid at the time of the fire; that by reason thereof the said Foster Garden Apartments, Inc. had an insurable interest in the premises which was in excess of the amount of the loss sustained as a result *486 of the fire. It is further alleged that on January 2, 1959 said Foster Garden Apartments, Inc. by a duly executed instrument in writing assigned to the plaintiff all of its right, title and interest in and to any recovery to which it might be entitled by virtue of the fire loss sustained under the terms of the policy.
Defendant on the instant motion challenges the sufficiency of this cause of action, contending that plaintiff’s assignor had no right to recover under the policy after the conveyance of title to the premises to plaintiff; that by reason of said conveyance the policy became void and was of no further force or effect. It is contended that the fact that the vendor took back a purchase-money mortgage did not revive the policy in the absence of an agreement by defendant to recognize it as a mortgagee and to make payment to it in accordance with its interest as mortgagee, as provided for in the standard loss payable clause. It is urged, therefore, that no actionable rights were transferred to plaintiff by the assignment. In support of its position defendant cites the cases of Mapu v. Agricultural Ins. Co. (244 App. Div. 268); Lett v. Guardian Fire Ins. Co. (125 N. Y. 82); Mobilia v. Security Taxpayers Mut. Ins. Co. (90 N. Y. S. 2d 895, affd. 277 App. Div. 985 [2d Dept.]); Bay v. Canton Co-op. Fire Ins. Co. (286 N. Y. 405); Truglio v. Zurich Gen. Acc. Liability Ins. Co. (247 N. Y. 423).
Plaintiff, in opposition to this motion, cogently points out that the authorities relied upon by the defendant were decided prior to 1943 when the standard form of fire insurance policy was changed whereby the effect of those decisions was overcome. Plaintiff’s position is buttressed by the decision in Washington Assur. Go. v. Duncan (207 Mise. 1042). There the insurance company issued a fire insurance policy to defendants Duncan who subsequently sold the real property to defendant Grant, taking back a purchase-money mortgage. Subsequently, and while the policy was still in force, the property was damaged by fire and the Duncans assigned to Grant the claim against the insurance company and Grant instituted an action on the policy in the Municipal Court. The insurer then instituted an action in the Supreme Court for a declaratory judgment and sought, among other things, to stay the Municipal Court action claiming that Grant was never a party to the insurance policy. Grant moved to dismiss the complaint in the Supreme Court, asserting that the complaint was insufficient to constitute a cause of action. In granting the motion the court rendered the following opinion (pp. 1047-1048): *488 erty at least to the extent of the mortgage (cf. Lett v. Guardian Fire Ins. Co., 125 N. Y. 82, under the earlier form of policy). Although the insurance company’s liability under the policy to Grant, the new owner, has been put in issue by the pleadings in the Municipal Court action, the company fails to allege non-liability as to the Duncans, the named assureds, in the complaint for injunctive relief, which is now attacked for insufficiency by the defendant Grant. The inference results (and in its presentation on its present submission to me the insurer seems to concede) that it is liable to the Duncans under the latter’s interest as mortgagees.”
*486 “ Prior to 1943, the standard fire insurance policy in New York contained a provision voiding the policy if any change, other *487 than by death of the insured, took place in the interest, title or possession of the subject of insurance. Accordingly, it was held that any change in interest after the issuance of the policy, without the consent of the insurer, operated to destroy the named assured’s rights under the policy and gave the purchaser no benefits thereunder (Richards on Insurance [5th ed.], vol. 3, § 518). Therefore, when the policy prohibited any change in title or possession, the assured’s conveyance of the property to another and the taking back of a purchase-money mortgage operated to avoid the coverage of the policy (Mapu v. Agricultural Ins. Co., 244 App. Div. 268, 269). But the present statutory standard policy (Insurance Law, § 168), which became effective in 1943, and in conformity with which the present policy was issued, contains no such express prohibition— although the policy before me does contain a clause which suspends or restricts insurance ‘ while the hazard is increased by any means within the control or knowledge of the insured ’. The policy does not specify the nature, type or extent of the assured’s interest, but expressly provides that the insurance coverage shall not exceed ‘ more than the interest of the insured ’. Whatever may have been the reason for the change in the standard form of the policy, the significant fact remains that no policy restriction in express language prohibits alienation of the property or avoids liability of the insurer in that event.
‘ ‘ It may be assumed that a change in title or interest of the assured might create an additional risk for the insurer, as it normally operates not only to destroy the assured’s interest to guard the property, but adds other hazards to the policy which the insurer might not wish to assume (Rosenstein v. Traders’ Ins. Co. of Chicago, Ill., 79 App. Div. 481). Nevertheless, by simultaneously taking back a purchase-money mortgage as part of the conveyance, it seems to me that the Duncans still retained an insurable interest which is sufficient to effectuate the continuation of the policy so far as their interest is concerned and for which the insurer limited its liability. No reported cases have been found in which the assured’s conveyance of the property and the simultaneous taking back of a purchase-money mortgage has been considered under the present standard form of fire insurance policy. However, in Brewer v. North Riv. Ins. Co. (N. T. L. J., Nov. 21, 1950, p. 1273, col. 2) it was held that a defense that the assured ceased to be the owner of the property after the issuance of the policy and prior to the fire did not operate to avoid the company’s liability to pay for the loss incurred by the fire, inasmuch as the assured had by virtue of the purchase-money mortgage an insurable interest in the prop-
*488 Defendant contends further that the complaint is insufficient because of the provision in the policy prohibiting its assignment. While the policy itself is not before the court, since it has been alleged to be a standard policy, the court may judicially notice its provisions (Raegener v. Willard, 44 App. Div. 41). Pursuant to section 168 of the Insurance Law the standard provision is that ‘ ‘ Assignment of this policy shall not be valid except with the written consent of this Company.” This provision, as every provision in a policy, must be strictly construed against the insurer. There is no interdiction by its terms against the assignment of an existing claim as distinguished from the policy itself. It has long been the doctrine of this State that rights under a policy of insurance may be assigned after loss, notwithstanding a clause in the policy forbidding assignments (Goit v. National Protection Ins. Co., 25 Barb. 189; Brichta v. New York Lafayette Ins. Co., 2 Hall 372; Courtney v. New York City Ins. Co., 28 Barb. 116). In fact, it has been held that a provision in an insurance policy prohibiting a transfer of the insured’s interest after loss would be illegal and void (Carrol v. Charier Oak Ins. Co., 40 Barb. 292). Moreover, the existence of the prohibition against assignment in the policies proved no bar to the determinations by the court in Washington Assur. Co. v. Duncan (207 Misc. 1042, supra) and Brewer v. North Riv. Ins. Co. (137 N. Y. S. 2d 909).
Accordingly, this branch of the motion is denied with leave to defendant to answer within 10 days.
Settle order on notice.