Louis B. Heller, J.
Defendant moves for summary judgment pursuant to rule 113 of the Buies of Civil Practice and the dismissal of the complaint.
Plaintiff in this action seeks to recover from the defendant insurer, under a policy of insurance, alleged damages for the destruction of his personal property. It appears that “ the fire did not occur in plaintiff’s premises. He merely sustained water damage because of a fire in the premises of one of the other tenants in the building ” (opposing affidavit, p. 8).
The undisputed facts are as follows: Defendant issued a five-year policy of insurance commencing with September 30, 1957 to plaintiff and one Bose Wald, doing business as Crown Dress Co., covering contents situated at premises 232 Throop Avenue, Brooklyn, New York; that on February 28, 1960 plaintiff and the said Bose Wald severed their business relationship, whereupon plaintiff moved his property to a new location at 129 Patchen Avenue, Brooklyn, New York; that on the last-mentioned date, plaintiff informed his insurance broker of this change of business locale and directed the latter to have his insurance policy indorsed so as to (1) delete therefrom the interest of his former partner, and (2) transfer the coverage to his new business location.
*879 That on or about April 5, 1960 plaintiff’s insurance broker ascertained that the requested change of indorsement had not been made, whereupon he caused an indorsement and binder, time-stamped, to be prepared and mailed to the defendant. That upon receipt by defendant of this binder on April 6, 1960, ‘£ defendant through its fire underwriter, Thomas P. McConvery, wrote to the broker advising in substance that the defendant would not be able to endorse for change of location as requested ” (moving affidavit, p. 4) because the risk did not meet their underwriting requirements, and such letter concluded with this sentence: ££ We find it necessary to ask that you replace the above line and return our policy for a Pro-Bata cancellation ’ ’ (moving affidavit, exhibit B). That between the night of April 6 and early morning of April 7, 1960, a fire occurred at 129 Patchen Avenue, Brooklyn, New York, in the premises of another tenant as heretofore described causing the damage alleged to plaintiff’s property.
The sole affidavit in opposition is made, not by plaintiff, but by his licensed insurance broker who asserts inter alia that by custom and usage, a binder sent as here to the defendant, without more, effectuates the requested change of coverage, therefore defendant’s alleged rejection is invalid. The court finds such contention is without merit.
On a motion as here considered, the only determination to be made is whether a bona fide issue exists. If the moving papers disclose there is no real issue, and the papers in opposition fail to offset such proof and establish by affidavit or otherwise the existence of a cause of action, the court may find that no triable issue exists and summary judgment may be granted (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133).
It appears from the submitted papers that the insurance policy only covered a loss, if any, at the Throop Avenue address in accordance with the contract of the parties. Therefore, unless and until the coverage was transferred to another address as would be exemplified by defendant’s indorsement evidencing such change of coverage to the new premises, defendant’s posture assumed on this motion has merit. A contract that is clear and unambiguous must be construed as written and may not be changed as plaintiff here seeks to do by asserting the existence of a££ local custom and usage ’’ which allegedly permits a broker, merely by mailing a binder, to change the terms of a contract thus depriving the insurer of its right to accept or reject a risk. As movant’s memorandum of law states at page 8: “It has been the settled and established law for sometime that custom and usage is inadmisible in connection with contracts clear and *880 unambiguous. (Holtz v. M. L. Nathanson & Co., [5 Misc 2d 266, affd. 4 A D 2d 858], and other cases cited.) ” The underwriter here expeditiously replied to the broker’s request (prior to the fire) and refused to indorse a change of location in the policy for the reason that ‘ ‘ the risk does not meet our underwriting requirements.” That an insurer is entitled to consider the elements material to the risk before entering into or continuing a contract of insurance has been upheld by the courts (Mapu v. Agricultural Ins. Co., 244 App. Div. 268 and cases therein cited). An insurer’s acceptance of a transfer cannot be inferred but must be, as it has uniformly been held, approved, accepted and indorsed on the policy to such effect (Truglio v. Zurich Gen. Acc. & Liab. Ins. Co., 247 N. Y. 423). Here this was not done, the defendant refusing to accede to the request of plaintiff’s broker, which it had a right to do. Accordingly, there being no triable issue presented, the motion is granted.