Louis B. Heller, J.
In this action on a bond secured by a purchase-money mortgage on real property, defendant moves for a stay pursuant to the New York Soldiers’ and Sailors’ Civil Belief Act (Military Law, art. 13) and other relief. Plaintiff cross-moves to strike the defendant’s answer as sham, frivolous, insufficient in law and for summary judgment pursuant to rule 113 of the Buies of Civil Practice.
That branch of defendant’s motion for a change of venue to Nassau County was withdrawn.
It appears from the papers that defendant purchased the subject real property on October 31, 1956 paying $500 cash and executing a purchase-money bond and mortgage to secure payment of the balance of the purchase price in the sum of $5,000; that the due date for the unpaid balance of $2,150.04 to be paid was November 1, 1961; defendant concedes such full principal balance and interest to be due, but contends plaintiff knew the purchase of the property was made in behalf of and in trust for his son who at the time was under 21 years of age; that upon attaining legal maturity defendant asserts, he caused a deed to be prepared conveying title to this country cottage to his son on June 17,1958; that this latter instrument prepared by plaintiff’s attorney albeit without her knowledge, contained an assumption of mortgage clause. The papers further show that within a month following the transfer of title, defendant’s son enlisted in the military service of the United States (Coast Guard) from which service it is alleged he is expected to be “ officially separated ” in July or August of this year.
In opposition to plaintiff’s cross motion defendant contends that his son as owner of the property, having assumed payment of the principal balance of the mortgage debt, is by virtue of his present “ service ” immune and protected from the litigation as here, by the New York Soldiers’ and Sailors’ Civil Belief Act *901 even though he is not named as a party to this action; therefore, defendant’s motion for a stay should be granted.
Plaintiff contends she has elected to sue the defendant personally on the bond; that she had no contractual relationship with defendant’s son; that the latter is not a party to this action, therefore the Relief Act is here not involved nor is same applicable.
Stripped of all superfluous verbiage and averments, the sole issue presented is, who were the contracting parties ? The controlling factor is the written instrument which describes the intent and obligations of the plaintiff and defendant. No other individual is therein named, and there is no reference to another party in the contract. Nor have facts been adduced to support the pleaded affirmative defenses. The defendant attempts by his answer to vary the terms of an agreement. This he may not do. As this court stated in Rovner v. Firemen’s Ins. Co. of Newark (33 Misc 2d 878): “ A contract that is clear and unambiguous must be construed as written and may not be changed ’ ’ except by the contracting parties themselves.
The court is satisfied that defendant’s position is without merit and that the servicemen’s act does not apply. As I observed on the argument, the New York Soldiers’ and Sailors’ Civil Relief Act is to be used as a shield, not as a sword. Therefore, since concededly defendant’s son is not a party to this action, there appears no issue left to be tried. ‘1 A shadowy semblance of an issue is not enough to defeat the motion.” (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660.) The very object of a motion under rule 113 of the Rules of Civil Practice “is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.” (Richard v. Credit Suisse, 242 N. Y. 346, 350.) Accordingly the defendant’s motion is denied and there being no triable issue presented plaintiff’s cross motion is granted in toto.