Per Curiam.

The fire insurance policy here involved described the insured as the “ Estate of Giovanni Ferraiolo ”. It is undisputed that the individual plaintiffs who were the children and heirs at law of said Giovanni Ferraiolo, who had died intestate, were the owners of the real property at the time of the issuance of the said policy. Upon the subsequent sale of the property, and while the policy was still in effect, plaintiffs took back a purchase-money mortgage in their individual names. Whatever insurable interest they originally had continued to the extent of their purchase-money mortgage (Ardon Constr. Corp. v. Firemen’s Ins. Co., 16 Misc 2d 483, affd. 11A D 2d 766; Washington Assur. Co. v. Duncan, 207 Misc. 1042). The fact that the policy referred to the insured as the estate above indicated, rather than the individual plaintiffs, may not be invoked to defeat plaintiffs’ rights under the policy. Manifestly, they are the real parties in interest. The term “ estate ” as used in the policy must be deemed to have been employed “ in the most comprehensive sense that will give validity to the policy” (Weed v. Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 401). Any other *229 construction would defeat the obvious intention of the contracting parties.
However, the aspect of the case dealing with the question of subrogation requires fuller development. In this connection, it is noted that the authorities cited in the opinion below are distinguishable and inapplicable herein. It is apparent from the proof adduced at the trial that the bond and mortgage on the property held by the plaintiffs have been discharged of record subsequent to the occurrence of a fire and prior to the institution of this action. Under the circumstances and in the interests of justice there should be a new trial after defendant is afforded a reasonable opportunity to move to amend its answer to plead any defense in this regard as it may be advised. (See Heilbrunn v. German Alliance Ins. Co., 150 App. Div. 670; McKay v. National Union Fire Ins. Co., 182 Minn. 378; 46 C. J. S., Insurance, § 1213.)
The judgment should be unanimously reversed and a new trial ordered, with $30 costs to plaintiffs to abide the event.
Concur — Hart, Pette and Groat, JJ.
Judgment reversed, etc.