■ CARLE PLACE PLAZA CORPORATION, Appellant, v EXCELSIOR INSURANCE COMPANY et al., Respondents.—In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 16, 1987, which granted the motion of the defendant Excelsior Insurance Company for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) from an order of the same court, entered January 28, 1988, which granted the motion of the defendant Cruse Agency for summary judgment dismissing the complaint insofar as it is asserted against it and denied the plaintiff's cross motion for summary judgment in its favor and its motion for reargument and renewal of the defendant Excelsior Insurance Company's motion for summary judgment.

Ordered that the order dated April 16, 1987 is affirmed; and it is further,

Ordered that the appeal from so much of the order entered January 28, 1988, as denied that branch of the plaintiff's motion which was for reargument is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order entered January 28, 1988 is otherwise affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The subject policy was originally issued by the defendant Excelsior Insurance Company (hereinafter Excelsior) to the Paige Financial Corporation (hereinafter Paige) and, by its terms, required the written consent of Excelsior to effect an

assignment of the policy or to waive any provision of the policy. Therefore, the unauthorized assignment by Paige to a third party upon conveyance of the property rendered the policy null and void. When the property was ultimately conveyed and the policy purportedly assigned to the plaintiff, the plaintiff received nothing more than a dead instrument and thus could not recover under the policy for a subsequent fire loss on the premises (see, Truglio v Zurich Gen. Acc. & Liab. Ins. Co., 247 NY 423; cf., Manchester v Guardian Assur. Co., 151 NY 88).

Further, no triable issue of fact was raised as to the defendant Cruse Agency's apparent authority, as a general agent of Excelsior, to bind Excelsior to a name-change endorsement on the policy. The record reveals that Cono Dalto, a principal of the plaintiff corporation, had requested a name-change endorsement from a representative of the Cruse Agency prior to the loss but that no action was taken on the request until after the loss occurred. The plaintiff alleged that this representative made a binding promise that it would effect the change immediately. Nonetheless, the plaintiff failed to submit an affidavit by Cono Dalto, the only party having knowledge of that transaction, to support this contention. Nor was there any triable issue raised as to the defendants' waiver of the no-assignment clause inasmuch as the defendants never accepted any premium check from the plaintiff.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.